John Lee MAGNESS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15752.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

John Lee Magness, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the crime of Unauthorized Use of a Motor Vehicle. He was sentenced to a term of one to three years imprisonment, and from said judgment and sentence a

timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial revealed that the defendant was driving a 1957 Chevrolet, Tag #ZX–1680, occupied by two other subjects, early in the morning of October 5, 1969, in Tulsa, Oklahoma. He was stopped by Officer Chism for a traffic violation. He was arrested for the violation and subsequent investigation revealed the car had been stolen.

Joe Thompson testified he was the owner of the car and that someone had taken it from the National Guard Armory in Tulsa County the evening of October 4, 1969, without his permission.

The defendant admitted driving the car on the day in question, but stated that he had borrowed it from Jesse Campbell and did not know the car was stolen.

The State called Emmitt Thomas in rebuttal, who testified he was one of the passengers in the car when it was stopped by the officer. He further testified he was present when the defendant obtained the car from Jessie Campbell, who told the defendant that the car was stolen. On cross-examination his testimony as to related times and circumstances, was somewhat conflicting.

The defendant first contends on appeal that the verdict is not supported by the evidence and is contrary to the law for the reason that there has been no showing of asportation by the defendant. It is his theory that the statute, 47 O.S. § 4–102, is nothing more than a temporary larceny statute and requires an actual taking from the true owner. This section provides as follows:

"A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive him, temporarily or otherwise, of the vehicle or its possession, takes, uses or drives the vehicle is guilty of a felony."

There apparently is a conflict of authorities concerning this question. California requires the asportation to be from the true owner; whereas, Wisconsin does not. People v. Wade, 138 Cal.App.2d 531, 292 P.2d 303; State v. Robbins, 43 Wis.2d 478, 168 N.W.2d 544.

It is the opinion of this Court that Section 4–102, supra, is violated when a person not entitled to possession of a motor vehicle, without the consent of the owner, and with intent to deprive him, temporarily or otherwise, of its possession, takes, uses, or drives the vehicle. We thus follow the general rule that the word "or" in penal statutes is seldom used other than as a disjunctive. We find that it is not necessary that the defendant took the vehicle from the actual owner if he drove or used the same without consent with the intent to deprive him of its possession. We therefore are of the opinion that this assignment of error is without merit.

The defendant's next proposition states that the trial court erred in refusing to instruct the jury on the lesser included offense of Tampering with a Vehicle. The defendant requested the court to instruct the jury under the provision of 47 O.S. § 4–104, which provides in part as follows:

"(a) A person, who, with intent and without right to do so, injures or tampers with any vehicle or in any other manner damages any part or portion of said vehicle or any accessories, appurtenance or attachments thereto is guilty of a misdemeanor.

(b) Any person, who, without a right to do so and with intent to commit a crime, climbs into or upon a vehicle whether it is in motion or at rest, attempts to manipulate any of the levers, starting mechanism, brakes or other mechanisms or device of a vehicle while the same is at rest and unattended, or sets in motion any vehicle while the same is at rest and unattended is guilty of a misdemeanor."

Title 22 O.S. § 916 requires that the trial court instruct the jury as to any

offense, the commission of which is necessarily included in the crime in which the defendant is charged. This Court, in construing this statute, has held that it is not necessary to instruct the jury as to an included offense when the facts do not justify it. Palmer v. State, Okl.Cr., 327 P.2d 722. We have carefully reviewed the entire record and find no evidence which would justify the giving of a tampering instruction. We, therefore, hold that the trial court properly refused the lesser included instruction.

The defendant next contends that the court erred in refusing to instruct the jury as to variance as requested by reason that the evidence of the State tended to prove that the defendant, if guilty of anything, was guilty of Knowingly Receiving or Possessing Stolen Property and not of the crime of Unauthorized Use of a Vehicle. We note that the defendant does not cite any authority that would allow this Court to consider this allegation. This Court has consistently held that it is necessary for counsel for Plaintiff in Error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. Sandefur v. State, Okl. Cr., 461 P.2d 954 and Collins v. State, Okl. Cr., 407 P.2d 609.

It is lastly contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.