Wayne Ross **CONNELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-17419.

Court of Criminal Appeals of Oklahoma.

May 31, 1972.

Herbert D. Smith, Alva, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Wayne Ross Connell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Woods County, Oklahoma, for the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony; his punishment was fixed at six (6) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Rudy White testified that on August 3, 1971, he owned a 1964 white Chevrolet, Tag Number WD–4500. He testified that he parked it in front of his house at approximately 11:00 p. m. Upon arising the following morning at 7:00 a. m., he discovered the car was missing. He further testified that he did not give the defendant permission to take the car.

Officer Sims of the Alva Police Department testified that he observed the defendant and three other boys at approximately 1:15 a. m. in a 1962 Chevrolet pickup in Alva.

Janice Barr, age fifteen, testified that on the morning in question, the defendant came to her house at about 5:30 a. m. in a white car. She testified that she had never seen the car before. She got in the car with the defendant and they started to Oklahoma City. Somewhere near Hennessey they were stopped by the Highway Patrol and the defendant was arrested.

Trooper Hadlock testified that at approximately 8:00 a. m. on the morning in question, he was conducting a driver's license check just north of Dover on U. S. Highway 81. He observed a white Chevrolet pull up behind the string of cars, stop and then make a very abrupt U–turn and start back north. Trooper Hadlock took pursuit and followed the car until it ran off the road after missing a corner. He testified that the defendant was driving a 1964 white Chevrolet, Tag Number WD–4500. He placed the defendant under arrest.

The defendant did not testify nor was any evidence offered in his behalf.

In the second stage proceeding, the State established through the testimony of the Court Clerk that the defendant, with counsel, previously entered pleas of guilty of the offenses of Unauthorized Use of a Motor Vehicle and Grand Larceny.

■ The first proposition asserts that the trial court erred in failing to instruct on the included offense of Molesting a Motor Vehicle. Defendant's attorney candidly admits in his brief that "the trial court was correct in ruling that such was not applicable, in that the law of the State of Oklahoma is contrary to the defendant's contention." We are of the opinion that the trial court properly refused the instruction of Molesting a Motor Vehicle and that there was no evidence before the court to require that such instruction be given. See Magness v. State, Okl.Cr., 476 P.2d 382.

■ The final proposition contends that the punishment is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that we do not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. Considering that this is defendant's third felony conviction within a relatively short period of time, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.