**Edward Lee OLIVER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17609.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Edward Lee Oliver, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Oklahoma, of the offense of Unauthorized Use of an Automobile, After Former Conviction of a Felony; his punishment was fixed at five (5) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, William Otter testified that on September 2, 1971, he observed the defendant driving a 1971 blue Buick Riviera, Tag No. XD–9022 at 720 N.E. 42d Street in Oklahoma City.

Rudolph Titony testified that he was a Sales Manager of Gandara Buick Company in Oklahoma City and that the defendant had previously worked in the new car "get-ready" department. The defendant received his last paycheck on July 8, 1971. On July 25, 1971, it was discovered that two automobiles were missing from the company, one of which was a 1971 blue Buick Riviera Sports Coupe, Serial No. 494871H929676. He testified that when the car was subsequently recovered by the police department, one of the serial number plates had been switched.

Officer Smith testified that on the 11th day of September 1971 he placed the defendant under arrest at 1512 East Madison Street in Oklahoma City. The defendant was standing beside a white over blue 1971 Buick Riviera, Tag No. XD–9022. He testified that there was no serial number in the customary place at the left top corner of the dashboard. He ran a check on the tag and learned that it checked to a 1969 Buick. The defendant had a key to the vehicle in his front pants pocket. He subsequently obtained a lift of the secret serial number from the vehicle and found that it checked to the Gandara Buick Company.

Officer Martin's testimony did not differ substantially from that of Officer Smith.

The parties stipulated that Officer Revel lifted fingerprints from the vehicle which, in his opinion, were identical to the prints of the defendant.

For the defense, Charles Wilson testified that he had previously been employed at Gandara Buick with the defendant. On June 25, 1971 he and one Michael Owen each drove a Buick Riviera out of the new car lot without permission or knowledge of the company. He testified that in his opinion the defendant was not aware of this scheme. He was also charged with car theft and entered a plea of guilty, receiving a five-year suspended sentence.

The defendant testified that he obtained the car from Michael Owen who informed him that he was going to New York to visit his mother and wanted the defendant to look after it while he was gone. He denied stealing the car and denied having any knowledge that it was stolen. He admitted a previous conviction for Unauthorized Use of a Motor Vehicle.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. We need only observe that the punishment is well within the range provided by law and does not shock the conscience of the Court.

In conclusion we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is Affirmed.

SIMMS and BRETT, JJ., concur.