**Donald Horace HOLT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–15892.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1973.

Washington & Hatfield, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Donald Horace Holt, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Unauthorized Use of a Motor Vehicle; his punishment was fixed at two years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Oscar Woodard testified that on the evening of January 12, 1970, he

parked his 1965 Corvett in his front yard. At approximately 6:00 o'clock the following morning, he found it missing when he left his house to go to work. He testified that he did not give anyone permission to drive it. Later that morning he observed the car several blocks from his residence in a damaged condition.

Officer Morrow testified that at approximately 5:30 a.m. on January 13, he was driving South in the Eleven Hundred block on North Grand Boulevard, when he observed a 1965 Corvett driving toward him, without headlights. He turned around and took pursuit. The driver of the Corvett jumped from the car at the intersection of Northwest 12th and Independence. He testified that he was able to get a good look at the person leaving the car and identified the defendant as the driver. The defendant ran between two houses and crouched down behind an icebox. The defendant started running again and the officer followed on foot. He subsequently observed someone going into the back door of a house at 1303 North Independence. He and three other police officers, who had arrived to assist, went into the house and found the defendant in a bedroom closet. The defendant was placed under arrest. The title to the vehicle, which was found in the glove box, reflected that the car was registered to Oscar Woodard.

■ The first proposition asserts that the trial court committed error by overruling defendant's demurrer, motion to quash and motion to suppress. The defendant argues that the affiant, H. L. Handke had no personal knowledge of the facts and circumstances giving rise to the charge, thus making his verification void. We are of the opinion that this proposition is without merit. In Hover v. State, Okl. Cr., 471 P.2d 950, we stated in the first paragraph of the Syllabus:

"Where an information in legal form is verified as true in positive terms, such verification constitutes a sufficient showing of probable cause to authorize the issuance of a warrant of arrest and to put the defendant on trial; and on a motion to quash the information no issue can be made as to the knowledge or want of knowledge of the facts charged on the part of the person who verified the information; nor can the information be set aside on the ground that the person who verified it had no personal knowledge of the facts alleged."

■ The second proposition contends that the trial court erred in refusing to give defendant's requested instructions concerning the lesser offense of joy riding. We are of the opinion that the trial court properly refused the defendant's requested instructions. The defendant did not testify nor was any evidence presented in his behalf. In Magness v. State, Okl.Cr., 476 P. 2d 382, the defendant was charged with a similar offense and asserted that the trial court erred in refusing to instruct the jury on the lesser included offense of tampering with a vehicle. We stated:

"Title 22 O.S. § 916 requires that the trial court instruct the jury as to any offense, the commission of which is necessarily included in the crime in which the defendant is charged. This Court, in construing this statute, has held that it is not necessary to instruct the jury as to an included offense when the facts do not justify it. Palmer v. State, Okl.Cr., 327 P.2d 722. We have carefully reviewed the entire record and find no evidence which would justify the giving of a tampering instruction. We, therefore, hold that the trial court properly refused the lesser included instruction."

■ The third proposition asserts that the defendant was illegally arrested. We are of the opinion that this proposition is likewise without merit. The officer observed the defendant driving a car without any headlights. The officer took pursuit, whereupon the defendant jumped out of his vehicle and fled on foot. The defendant continued to run after the officer yelled for him to stop. (Tr. 12) The officer, in hot pursuit subsequently arrested the defendant hiding in a house.

The final proposition contends that the search of the vehicle was illegal in that the search was not incidental to the arrest. In Croney v. State, Okl.Cr., 485 P.2d 1062, we stated:

"In the instant case the automobile was parked with the trunk and driver's door open near the cut fence with certain fruits of the burglary in the close proximity. Two persons inside the building fled on foot leaving the car behind. The vehicle was searched in the investigation of the burglary some time prior to the arrest of the defendants. Many of the courts of this country have held that there can be no complaint of illegal search when police officers search without a warrant and seize abandoned property. In People v. Harper, 26 Ill.2d 85, 185 N.E.2d 865, a similar case involving the search of an 'abandoned getaway' car, the Illinois Court stated:

'We do not think that the reasonableness of this search is changed by defendant's success in eluding the police. Upon finding the open car abandoned by the fleeing defendant, we think it reasonable that the police in the performance of their duties would look into the car to determine if there were anything there to identify the defendant, or any paraphernalia of the suspected narcotic traffic.'

"In Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668, the United States Supreme Court upheld the search of a vacated hotel room. The California Court in applying *Abel, supra,* to the search of an abandoned car stated:

'The analogy between the vacating of a rented hotel room and the abandoned automobile is persuasive. Here as in Abel, the property in question was bona vacantia as far as Smith was concerned. The police were free to seize and search the vehicle without fear of infringing any of Smith's constitutional rights.' People v. Smith, 63 Cal.2d 779, 48 Cal.Rptr. 382, 409 P.2d 222, cert. den. 388 U.S. 913, 87 S.Ct.

2119, 18 L.Ed.2d 1353. See also Laws v. State, 6 Md.App. 243, 251 A.2d 237; Croker v. State, 114 Ga.App. 43, 150 S.E.2d 294; Hawley v. Commonwealth, 206 Va. 479, 144 S.E.2d 314; Hiet v. United States, 125 U.S.App.D. C. 338, 372 F.2d 911.

"We are of the opinion that the search of the abandoned car was lawful and falls within the exceptions to the general rule."

The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.