LICENSED ORGANIZATION — CONDUCTING BINGO GAME A person or organization must be licensed to conduct a Bingo game if a prize is awarded to the winner, even though no charge was made for the participation in the same. The Attorney General has considered your letter of October 24, 1973 wherein you asked the following question: "Does House Bill 1220 prohibit a person or organization, not licensed under the provisions of said Act, from conducting a game of Bingo to the winner of which a prize is awarded, even though said person or organization makes no charge of any kind to the participants in said Bingo game?" House Bill 1220 will be found in 21 O.S. 995.1 [21-995.1] through 21 O.S. 995.18 [21-995.18] (1973). The applicable provision relating to your question is 21 O.S. 995.12 [21-995.12] (1973) which provides as follows: "No person, except the licensee operating pursuant to this Act, shall conduct any game of Bingo for which a charge is made or to the winner of which any prize is awarded." In Special Indemnity Fund v. Harold, Okl., 398 P.2d 827 (1965), the following rule of statutory interpretation is found: "Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and courts cannot search for its meaning beyond the statute itself." A plain reading of 21 O.S. 995.12 [21-995.12] (1973) leads one only to the conclusion that the Legislature intended that a license be required when either a charge for participation in a Bingo game is made or when a prize is awarded to the winner of said Bingo game. The use of the word "or" is generally used in the disjunctive and will only be construed as meaning "and" when to do otherwise would render an absurd result. See Magness v. State, Okl.Cr. 476 P.2d 382 (1970) and State ex rel Caldwell v. Hooker, 22 Okl. 712, 98 P. 964 (1908). It is not evident that the application of the word "or" in the disjunctive renders such an absurd result. On the contrary, upon a reading of the entire Bill, it is apparent the Legislature meant the same to be highly restrictive lending the greatest possible control and policing of Bingo games. It is, therefore, the opinion of the Attorney General that a person or organization must be licensed to conduct a Bingo game if a prize is awarded to the winner, even though no charge was made for the participation in the same. (Kenneth L. Delashaw Jr.)