Oscar ATTERBERRY, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–663.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1976.

Gordon & Gordon, Jack E. Gordon, Jr., Claremore, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge.

Appellant, Oscar Atterberry, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Rogers County, Case No. CRF–75–210, for the offense of Unauthorized Use of a Motor Vehicle in violation of 47 O.S. 1971, § 4–102. The jury returned a verdict fixing the defendant's punishment at five (5) years' imprisonment. The trial court pronounced judgment and sentence in accordance with the verdict. From this judgment and sentence an appeal has been filed with this Court.

Judy Neighbors had purchased and was in possession of a 1969 Oldsmobile 442, serial number 344879M12958, but had not acquired title from the previous owner. On November 1, 1975, she drove the car to the Big 2 Club in Oologah, arriving at approximately 11:00 p.m. The ignition lock on the car did not work and it could be started without a key. Also, the door on the driver's side would not lock. When Neighbors emerged from the club at approximately 3:00 a.m., she discovered her car was gone. She located her car at the Hendrix D. X. Station around 2:00 p.m. the same day. Neighbors had not given anyone permission to use the car.

Norman Loeffler, the owner of the Hendrix D. X. Station, ran a twenty-four hour wrecker service. He was called to the Four-Mile Creek bridge near the Big 2 Club at approximately midnight on November 1, 1975. A black Oldsmobile was in a ditch resting on its front end. He hooked the wrecker line onto the car, subsequently removing the car to his station. Loeffler

identified the defendant as the sole occupant of the car. One door on the car was jammed. Loeffler saw the defendant, who was bleeding, pulled through the rear window of the car. Loeffler was present when Judy Neighbors came to his station and identified the car as belonging to her.

Trooper Gene Lockwood of the Oklahoma Highway Patrol was called to an accident at the Four-Mile Creek bridge at approximately 11:30 p.m. on November 1, 1975. He saw a 1969 black Oldsmobile with its windows open lying off an embankment at the edge of the bridge. In his opinion it would have been very difficult to open either door of the car due to the damage it had suffered. He saw the defendant lying in the car across the folded-down front passenger seat. He waited until the wrecker arrived before attempting to get the defendant out of the car. He estimated the accident had occurred at approximately 11:10 p.m. He said an Oologah police officer had received a report of the accident and notified the Highway Patrol.

After the State had presented the above testimony, it rested. The defendant offered no testimony in his behalf. He requested two instructions on lesser included offenses to Unauthorized Use of a Motor Vehicle, both of which were denied by the trial court.

The first assignment of error is that the trial court erred in refusing the defendant's second requested instruction on the lesser included offense of Tampering with a Motor Vehicle. The requested instruction follows the language of 47 O.S.1971, § 4-104(b) which says:

"(b) A person, who, without right to do so and with intent to commit a crime, climbs into or upon a vehicle whether it is in motion or at rest, attempts to manipulate any of the levers, starting mechanism, brakes or other mechanism or device of a vehicle while the same is at rest and unattended, *or sets in motion any vehicle while the same is at rest and unattended is guilty of a misdemeanor.*"

The defendant was charged under 47 O.S.1971, § 4-102, which says:

"A person not entitled to possession of a vehicle who, without the consent of the owner and with intent to deprive him, temporarily or otherwise, of the vehicle or its possessions, takes, uses or drives the vehicle is guilty of a felony."

The above statutes must be considered in conjunction with 22 O.S.1971, § 916, which states:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

In any criminal proceeding, the State has the burden of producing sufficient evidence of the existence of each element beyond a reasonable doubt of the crime charged. The evidence of any element may be either direct or circumstantial, but so long as it is sufficient to establish the elements of the crime the burden has been met.

"By the very nature of things, some elements of an offense can be established only by circumstantial evidence, such as the defendant's knowledge or intent." 1 Wharton's Criminal Evidence § 6 at 5 (1972).

"[A] presumption is a mandatory deduction which the law expressly directs shall be made in a particular situation, while an inference is no more than a permissible deduction which the trier of the facts may adopt, without an express direction of law to that effect." Id, § 90 at 145.

Applying the above definitions to the facts in the case at bar, this Court cannot say that the State presented sufficient evidence to raise the inferences to the level of presumptions that exclude the possibility of the lesser included offense under the statutes. The State produced direct evidence that the owner of the car did not give her permission for the car to be moved. The car subsequently was found at a nearby location in an inoperative con-

dition with the defendant inside it. There was no direct or circumstantial evidence linking the defendant to the car prior to its being in the ditch. The direct pieces of evidence can be linked to form inferences sufficient to justify a felony conviction, i. e., the defendant took, used or drove the car with the intent to at least temporarily deprive it from the owner. A second inference can be formed from the direct evidence however, which would justify a misdemeanor conviction, i. e., the defendant entered the car with the intent to commit a crime and manipulated its mechanism, setting it in motion. Either inference can be reasonably drawn from the facts. While one or the other might be more probable, such probability does not raise the inference to the level of a presumption. It is not incumbent upon the defendant to introduce evidence to support a request for a lesser included offense when the State has introduced only enough evidence to raise an inference that would justify a conviction on either the offense charged or a lesser included offense.

Since the State's evidence would justify a consideration by the jury of a lesser included offense, this Court follows the rule it most recently applied in *Jackson v. State*, Okl.Cr., 554 P.2d 39 (1976) which requires a new trial whenever the total evidence presented warrants an instruction on a lesser included offense which the trial court has failed to give.

In reversing and remanding the case at bar for a new trial, this Court is not overruling its holdings in *Magness v. State*, Okl.Cr., 476 P.2d 382 (1970), *Oliver v. State*, Okl.Cr., 501 P.2d 216 (1972), *Connell v. State*, Okl.Cr., 497 P.2d 1106 (1972), and *Holt v. State*, Okl.Cr., 505 P. 2d 500 (1973). All of these cases involve convictions for Unauthorized Use of a Motor Vehicle and the denial of an instruction on a lesser included offense. Those cases can be distinguished from the one at bar in that there was direct and uncontroverted evidence of a taking, using or driving of a motor vehicle by the defendant. Nor does

this Court hold that the defendant in the case at bar is entitled automatically to the requested instruction on retrial. If the State introduces additional direct or circumstantial evidence sufficient to raise the inferences to presumptions, the defendant will not be entitled to the instruction if he fails to introduce evidence sufficient to rebut the presumptions.

In view of the above holding, it is unnecessary to decide the merits of the defendant's final assignment of error that the prosecutor made improper remarks during closing argument, since the error, if any, will be corrected by the new trial.

For all of the above and foregoing reasons, the judgment and sentence appealed from is hereby reversed and the case remanded for a new trial. *REVERSED AND REMANDED FOR A NEW TRIAL.*

BUSSEY and BLISS, JJ., concur.