The STATE of Oklahoma, Appellant,

v.

John GARY, III, Appellee.

No. O-78-43.

Court of Criminal Appeals of Oklahoma.

April 30, 1979.

David Young, Dist. Atty., Luther Cowan, Asst. Dist. Atty., for appellant.

Jeffrey D. Fischer, Tulsa, for appellee.

## OPINION

CORNISH, Presiding Judge:

This is an appeal by the State of Oklahoma regarding the dismissal of a Kidnapping charge against John Gary, III. At a motion hearing, defense counsel demurred to the sufficiency of the evidence presented at the preliminary hearing. The State argued that the demurrer was actually in the form of a motion to quash and set aside the information, but the District Court considered it as a motion to dismiss, and dismissed the case pursuant to 22 O.S.1971, § 815.[1]

Since the State contends that the demurrer was actually a motion to quash, it has appealed to this Court as authorized by 22 O.S.1971, § 1053, ¶ 1.[2] However, we do not believe that the State's argument is meritorious.

The language of the lower court in dismissing the case is pertinent to this decision:

"THE COURT: . . . I think in order to sustain the theory of the State you've got to start somewhere in the county and there is positively and absolutely no showing in this record that this defendant committed anything in Creek County and I don't find anything in the way of circumstantial evidence that this defendant committed any crime in Creek County.

So for all these reasons the Court at this time is going to sustain your demurrer; I'm going to sustain your motion to suppress, which is probably moot. . . . I will withhold any final ruling with regard to dismissing the Complaint and Information for a period of 30 days and failure of the State to perfect an appeal within the 30 day period, the Court will enter an order dismissing the Information and allow the State an exception to all my rulings.

"MR. COWAN: Your Honor, I'm a bit confused. You stated at one point that you didn't think the demurrer was the proper pleading for him to raise this issue, so you were considering it as a motion to dismiss. But then you said that you were sustaining his demurrer.

"THE COURT: I'm sustaining the demurrer but I am not ordering it dismissed.

"MR. COWAN: Under those circumstances the State cannot appeal until the dismissal is ordered. It would be an interlocutory order of the court.

"THE COURT: Well it's my opinion, Mr. Cowan, if I enter an order dismissing that your (sic) going to lose it forever. If that's what you want me to do, I will. The only reason I withheld was to give you an opportunity to perfect an appeal. Now if you tell me that it's mandatory for me to enter an order of dismissal, I will. But I don't think that that's what you want me to do.

"MR. COWAN: Your Honor, the State's position would be that what his pleading was in effect was a motion to quash, not a demurrer and not a motion to dismiss and that if your Honor sustains—

---

1. Title 22 O.S.1971, § 815, reads as follows:
"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

2. Title 22 O.S.Supp.1978, § 1053, reads:

"Appeals to the Court of Criminal Appeals may be taken by the state or a municipality in the following cases and no other:
"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.
"2. Upon an order of the court arresting the judgment.
"3. Upon a question reserved by the state or a municipality."

"THE COURT: Well he didn't file a motion to quash. I'm treating the demurrer as a motion to dismiss and since you've raised it and tell me you can't appeal, I'll give you something to appeal on, I'm going to enter an order dismissing it and allow you an exception.

"MR. COWAN: Note our intention to appeal to the Court of Criminal Appeals.

"THE COURT: All right.

(PROCEEDINGS ADJOURNED)"

We have carefully considered the record in this case. From the oral ruling and the journal entry, we find that the case was properly dismissed under 22 O.S.1971, § 815. Therefore, the State is without standing to appeal.

The appeal is therefore DISMISSED.

BRETT and BUSSEY, JJ., concur.