## SAM GREEN et al. v. STATE.

No. A-5035.    Opinion Filed Feb. 20, 1926.
(243 Pac. 533.)

Morgan & Osmond, for plaintiffs in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The defendants were informed against in the county court of Caddo county on a charge of maintaining a nuisance by operating a place where intoxicating liquors were kept for sale, and where persons congregate and resort for the purpose of drinking intoxicating liquors.

Defendants moved to quash the information, setting out that prior thereto they had been indicted by a grand jury of that county on a charge of violating the prohibitory liquor law in selling intoxicating liquors, and that the indictment upon motion had been quashed, and the defendants discharged, and no order to resubmit the same to another grand jury or for the filing of an information had been made. A copy of the indictment is attached to the motion with a copy of the order to quash. The motion to quash was overruled. A demurrer was then filed to the information, in which it was urged that the act under which the prosecution was instituted (section 13, c. 70, of the Session Laws 1910-11) is unconstitutional, as not being embraced in the title of the act. This demurrer also was overruled, and upon the trial defendants were convicted and sentenced to pay a fine of $250, and to confinement in the county jail for a period of 90 days.

It is first argued that the filing of the information upon which the prosecution was had after the indictment had been quashed, and without an order of the court directing the filing of an information, is in violation of the provisions of section 2604, Comp. St. 1921. This court has held that said section has no application to indictments for misdemeanors. In the case of Ex

parte Dodson, 3 Okla. Cr. R. 514, 107 P. 450, it was said:

"The sustaining of a demurrer to an indictment, charging a misdemeanor, is no bar to a subsequent prosecution by information for the same offense."

In this case, however, the information upon which the defendants were tried charged an entirely separate and distinct offense from the offense charged in the indictment. So in no event could section 2604, supra, have any application.

It is next contended that the section under which the prosecution is had (i. e., section 7022, Comp. St. 1921) is unconstitutional, for the reason that in the original enactment of said section as a part of chapter 69 of the Session Laws 1907-08, the title did not embrace the subject-matter as required by section 57, art. 5, of the Constitution. We deem it unnecessary to determine whether or not the title of the act in question included the offense charged, for the reason that the section here challenged was embodied in the Laws of 1910, as revised and compiled by the Code commission, and was adopted along with the entire Code by the Act of March 3, 1911 (Laws 1910-11, c. 39) which took effect May 16, 1913.

It is next argued, as we understand defendants' contention, that the evidence is insufficient, for the reason that there is no proof that the place alleged to be a public nuisance had ever been so declared by a court of record, and that, as the section under which the prosecution was conducted, among other things, provides for the abatement of such place by the judgment of a court of record, a conviction could not be had for maintaining a public nuisance until such place had been adjudged a public nuisance as in said section provided. The section of the statute is as follows:

"7022. All places where any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; is manufactured, sold, bartered, given away or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, and upon the judgment of any court of record finding such place to be a nuisance under this section, the sheriff, his deputy, or undersheriff, or any constable of the proper county, or marshal or police of any city where the same is located, shall be directed to shut up and abate such place by taking possession thereof and destroying all liquors found therein, the keeping or sale of which is prohibited by this act, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance; and the owner or keeper thereof shall, upon conviction, be adjudged guilty of maintaining a public nuisance, and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months. The Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. Any person violating the terms of any injunction granted in such proceeding, shall be punished, as for contempt, by a fine of not less than

one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment."

The statute is dual in its nature, a part defining a crime and providing a punishment, and a part providing a method by civil procedure for declaring the maintaining of the premises prohibited a nuisance, and providing the method for closing and abating the same and for destroying the liquors and things used in conducting the business prohibited. The statute declares the maintaining of such prohibited place a public nuisance, and provides that the owner or keeper shall, upon conviction be punished as therein provided. The Legislature evidently had in mind that the prosecution of an offender under this statute would not remove the nuisance, and further enacted, as a part of the section, a method of proceeding against the place itself. Key et al. v. State, 101 Okla. 211, 224 P. 549.

It is not essential to the prosecution for a violation of the criminal portion of said section that there should have been a proceeding under the civil portion, since the criminal portion of the statute has made the maintaining of a place where liquors are kept with intent to violate the law a public nuisance. In a criminal prosecution it is neither necessary to allege nor prove that there has been a determination by a court of record finding such place to be a nuisance.

Finally it is argued that the evidence is insufficient to sustain the conviction. This argument is directed in large part to the credibility of the witnesses who have testified, but, since the jury saw and heard the witnesses, their credibility and the weight and value to be given their testimony is peculiarly within the province of the jury. This court is not at liberty to

disturb their verdict, where the evidence, if believed, as it is in this case, is sufficient.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.