Edward McCarey **WHALEY**, #72950,
Petitioner,

v.

**DISTRICT COURT OF MAYES COUNTY,**
Ray Page, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A–14124.

Court of Criminal Appeals of Oklahoma.
Dec. 28, 1966.

Edward McCarey Whaley, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Edward McCarey Whaley has filed in this Court, without the assistance of counsel, an instrument entitled Petition for Writ of Habeas Corpus and/or Post Conviction Appeal.

Petitioner alleges that he was charged in the district court of Mayes County, Oklahoma with the crime of obtaining money under false pretense. That he entered a plea of guilty to such charge, and was sentenced to serve five years in the State Penitentiary, where he is now confined.

Petitioner states that the State Pardon and Parole Board has heretofore recommended him for parole, but by reason of a hold order placed against him at the State Penitentiary for the court costs in his Mayes County trial, the parole has not been granted. In his petition he asks only that the hold order be dismissed. It has long been the practice of this Court that a cause is determined by the allegations in the body of the petition, and the prayer, rather than the heading, and particularly where the petitioner is not trained in the law, and files pro se. Thus, this action is treated as one in mandamus, rather than habeas corpus.

Title 28 Okl.St.Ann. § 101 provides, among other things, that all costs of the prosecution of all criminal actions shall, in case of a conviction of the defendant, be adjudged a part of the penalty of the offense; and that the payment of such fees and costs shall be enforced by imprisonment until the same shall be satisfied, at the rate of $1 per day.

The statutes further defining such cost assessment (Title 57 Okl.St.Ann. § 15) provides that any indigent person who is convicted, shall not be confined to any prison for more than six months for the nonpayment of court costs; and also provides the method for the release of such poor person, after the expiration of six months. See Ex parte Carr, Okl.Cr., 365 P.2d 392.

Under the statutes and the holdings of this Court, only the county where the costs were incurred is authorized to collect the costs. The warden of the penitentiary is not authorized to enforce the payment of court costs. See: Ex parte Autry, 58 Okl. Cr. 88, 50 P.2d 239.

The Attorney General has filed a demurrer and response to the petition, and states: "Under the applicable law, it is not only proper but is the duty of the proper authorities to place a detainer on an inmate in the State penitentiary who has not satisfied the costs of the case in which he was convicted, so that said inmate may be returned to the county jail of the county from which he was committed in order to satisfy said costs." We are of the opinion that the Attorney General is correct in this statement.

For the reasons stated herein, the Attorney General's demurrer must be sustained, and the petitioner's request for issuance of mandamus is denied.

BUSSEY, P. J., and NIX, J., concur.