Tommy GALCATCHER, O.S.P. #75693, Petitioner,

v.

Ray PAGE, Warden of the State Penitentiary, Respondent.

No. A-14471.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1968.

Tommy Galcatcher, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Tommy Galcatcher, O.S.P. #75693, has filed in this Court what he styles as a petition for habeas corpus. Petitioner did not have the assistance of an attorney in preparing his petition.

Petitioner alleges that he was convicted on June 21, 1967 in the district court of Rogers County, Oklahoma, and is now serv-

ing a sentence of two years in the state penitentiary as a result of his conviction.

Petitioner states that the illegality of his confinement arises from the fact that the authorities of Rogers County have placed a hold order against him with the authorities of the state penitentiary. The hold order is for the court costs assessed against him in the amount of $267.55, resulting from his prosecution. This hold order, he states, prevents him from making parole, or trusty, or to better himself while confined in said institution.

While the petition of this inmate is not clear, it is evident that he seeks only to have the hold order dismissed. For that reason this act is treated as one in mandamus, rather than habeas corpus.

The Oklahoma Statutes (Tit. 28 O.S.A. § 101) provide, among other things, that all costs of the prosecution of all criminal actions shall, in case of a conviction, be adjudged a part of the penalty, and that the payment of such costs shall be enforced by imprisonment until the same shall be satisfied, at the rate of $1 per day.

The statutes further defining such cost assessment (Tit. 57 O.S.A. § 15) provide that any indigent person who is convicted shall not be confined to any prison for more than six months for the nonpayment of court costs; and also provide for the method for the release of such poor person, after the expiration of the six months. See: Ex parte Carr, Okl.Cr.App., 365 P.2d 392.

Under the statutes and the holdings of this Court, only the county where the costs were incurred is authorized to collect such costs. The Warden is not authorized to enforce the payment of the court costs. For this reason, under the applicable law, it is not only proper but it is the duty of the proper authorities to place a detainer on an inmate of the state penitentiary, who has not satisfied the costs assessed in the case in which he was convicted. This is necessary to assure that said inmate may be returned to the county jail of such county, in order to satisfy said costs

as provided in the statutes. See: Whaley v. District Court of Mayes County, Okl. Cr.App., 422 P.2d 227.

Further, the relief sought by petitioner is a matter concerning the internal administration of the state penitentiary, and should be taken up with the proper authorities of the Department of Corrections.

For the reasons herein stated, the petition for writ of habeas corpus, or mandamus, is denied.

NIX, P. J., and BUSSEY, J., concur.