In the Matter of R. G. M., a child under the age of 18 years.

No. O-77-327.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1978.

Cary W. Clark, Asst. Dist. Atty., Tulsa, for appellant.

John Dratz, Jr., Asst. Public Defender, Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

R.G.M., a juvenile under the age of eighteen, appeared before the Juvenile Division of the District Court, Tulsa County, in an initial arraignment on the charge of Unlawful Delivery or Distribution of Marijuana. The court denied the State's request for a certification hearing and proceeded to adjudication. The State is appealing from the court's denial. We are reviewing this case on a Reserved Question of Law.

At the initial arraignment the State requested that a certification hearing be set. The court inquired as to the basis for the State's request, whereupon the State replied the age of the juvenile, the seriousness of the offense, and the fact that the juvenile had previously pled guilty to a drug offense in another county. Additionally, the State asserted that there was a lack of treatment and probationary resources available to the court. Although the above rea-

sons were offered by the State, no evidence was heard in regard to them. Rather, the court, in response to the State's request, summarily denied the hearing. In support of the denial the court stated that it had no reason to believe that the resources that would ordinarily be available for all juveniles would not be available for the present juvenile at bar. Additionally, the court observed that no certification hearing was requested for juveniles charged with similar offenses occurring at approximately the same time and involving the same purchaser and location. Lastly, the court pointed out that the age of the juvenile was not a sufficient criterion in and of itself for certification.

The court then proceeded with the hearing and accepted the juvenile's admission of the charge and set a future date for a dispositional hearing. At the dispositional hearing, the court adjudged the juvenile as a delinquent child and placed him on official probationary status.

■ The first question that this appeal presents is whether the State may appeal from the Judge's order denying the State's request for an evidentiary hearing on the question of certification.

The State may appeal from such an order. Title 10 O.S.Supp.1976, § 1123(A) states:

"Any interested party aggrieved by any order or decree may appeal to the Supreme Court in the same manner as other appeals are taken to the Supreme Court of this state; provided, however, that appeals taken from a trial court's decision in a proceeding for an adjudication of juvenile delinquency or in a proceeding certifying a juvenile to stand trial as an adult or denying such certification *shall be taken to the . Court of Criminal Appeals in the same manner as other appeals of this state,* . . ." (Emphasis Added.)[1]

We accept the contention that the State is "an interested party aggrieved" by the order of the Judge in the above described proceedings.

■ The ". . . same manner as other appeals are taken . . ." refers to the provisions of 22 O.S.1971, § 1053. Subsection 3 of that Statute provides that the State may appeal to this Court on a Reserved Question of Law. Such an appeal by the State may only be taken from an acquittal of the defendant or from an order of the court authorized by law which expressly bars further prosecution. *State v. Robinson*, Okl.Cr., 544 P.2d 545 (1975). This Court has previously held that jeopardy attaches to the proceeding of a Juvenile Court where there is an order of adjudication by the Judge determining delinquency. *Garrison v. Jennings*, Okl.Cr., 529 P.2d 536 (1974). Thus, we recognize the State's right to appeal on a Reserved Question of Law in this case. The State contends that the Juvenile Court erred in denying the State's request for a certification hearing. Since there has been an adjudicatory and dispositional hearing we cannot direct a certification hearing on remand. See *Garrison*, supra. It is clear that our opinion today can only operate prospectively. We shall therefore set forth in this opinion the procedures to be followed in all future cases.

■ On the 7th day of September, 1977, Laws 1977, Chapter 79, Section 2(B) became effective as 10 O.S.Supp.1977, § 1112(b) as amended. The same provides in pertinent part:

"If a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court on its own motion, or at the request of the district attorney shall conduct a preliminary hearing to determine whether or not there is prosecutive merit to the complaint. If the court finds that prosecutive merit exists, it shall continue the hearing for a sufficient period of time to conduct an investigation and further hearing to determine the prospects for

---

1. This was the wording of the Statute at the time of the hearing in the instant case. An amendment which only recently became effective clearly provides for an appeal by the State from an order denying certification. See 10 O.S.Supp.1977, § 1123(A).

reasonable rehabilitation of the child if he should be found to have committed the alleged act or omission. Consideration shall be given to:

"1. The seriousness of the alleged offense to the community, and whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

"2. Whether the offense was against persons or property, greater weight being given to offenses against persons especially if personal injury resulted;

"3. The sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living;

"4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions; and

"5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the juvenile court.

"After such investigation and hearing, the court may in its discretion proceed with the juvenile proceeding, or it shall state its reasons in writing and shall certify that such child shall be held accountable for his acts as if he were an adult and shall be held for proper criminal proceedings for the specific offense charged, by any other division of the court which would have trial jurisdiction of such offense if committed by an adult."

Under the provisions of this Statute the Legislature has mandated the procedures to be followed in clear and unmistakable terms, which require the Court to "conduct a preliminary hearing to determine whether there is prosecutive merit to the complaint." And, if prosecutive merit be established, the Statute mandates a subsequent hearing "to determine the prospects for reasonable rehabilitation of the child." Measuring the evidence taken at such hearings and following the five guidelines set out in the Statute the Court may retain jurisdiction or may certify the child to stand trial as an adult, stating its reasons in writing.

We are of the opinion, and therefore hold, that under the provisions of 10 O.S.Supp. 1977, § 1112(b), supra, the juvenile court after having made a determination of prosecutive merit, cannot summarily deny a request for a certification without hearing evidence pertinent to the certification that might be offered by the State. Jeopardy having attached, the order summarily denying the State's request for a certification hearing cannot be remanded; but it is reversed.

CORNISH and BRETT, JJ., concur.