Donny Ray STEPHENS, Petitioner,

v.

Jack R. PARR, District Judge, Oklahoma County, Oklahoma, William M. Allen, Special District Judge, Oklahoma County, Oklahoma, and Larry Puckett, Assistant District Attorney, Oklahoma County, Oklahoma, Respondents.

No. P–78–176.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1979.

Ralph Samara, Oklahoma City, for petitioner.

Andrew M. Coats, Dist. Atty., James P. Laurence, Asst. Dist. Atty., Oklahoma County, for respondents.

## ORDER BY OPINION

BRETT, Judge:

This is an original proceeding in which petitioner is seeking to have this Court issue the alternative writ of prohibition or mandamus to prohibit the District Court of Oklahoma County from placing him on trial in Oklahoma County District Court Case No. CRF–78–759. This Court entered a Rule to Show Cause set for hearing on May 9, 1978, at 1:30 p. m. At that hearing, petitioner was represented by Mr. Ralph Samara of Oklahoma City and the respondents were represented by Mr. James P. Laurence, Assistant District Attorney for Oklahoma County. The Court assumed jurisdiction.

On January 10, 1978, an information was filed in the Oklahoma County District Court, Case No. CRF–78–101, in which petitioner was charged with the offense of Unlawful Possession of Controlled and Dangerous Drugs With Intent to Distribute, Cocaine, under the provisions of 63 O.S. Supp.1975, § 2–401(B), ¶ 1. The preliminary hearing was conducted on February 6, 1978, at which time upon direction of the magistrate, the State amended the information to charge petitioner with Attempted Sale or Distribution of a Controlled Drug, Phencyclidine (PCP). At the conclusion of the preliminary hearing, petitioner was bound over to stand trial on the amended charge.

On February 24, 1978, prior to arraignment, a motion to quash the amended information was filed before the Honorable Stewart Hunter, District Judge for Oklahoma County, who, after conducting a hearing, sustained petitioner's motion, dismissed the information, discharged the defendant, and exonerated the petitioner's bail bond. On the same day, the District Attorney refiled the information, setting forth the same facts but under a new case number CRF–78–759.

On March 23, 1978, the examining magistrate, Special Judge William M. Allen, sustained petitioner's motion to quash the information and dismissed Case No. CRF–78–759, for the reason that the prosecution lacked authority to file and prosecute the information. At that hearing, the District Attorney served notice of intention to appeal from the adverse ruling of the magistrate under the provisions of this Court's Rule Six.

On April 7, 1978, District Judge Jack R. Parr conducted a hearing on the District Attorney's Rule Six appeal and reversed and vacated the order of Special Judge William M. Allen and remanded the information to the same magistrate for further preliminary examination. Thereafter, petitioner filed his application and petition in this Court seeking issuance of the alternative writ of prohibition or mandamus.

■ The question we must consider in this matter is whether the District Attorney's failure to appeal Judge Hunter's order sustaining petitioner's motion to quash precluded him from further prosecuting the case.

Title 22 O.S.1971, § 492, provides:

"If the defendant do not require time, as provided in the last section, or if he do, then on the next day, or at such further day as the court may have allowed him, he may, in answer to the arraignment, either move the court to set aside the indictment, or information or may demur or plead thereto."

Title 22 O.S.1971, §§ 493–500, pertain to the setting aside of an indictment or information and the hearing that must be provided when a motion to set aside or quash the indictment or information is properly filed. Section 499 of 22 O.S.1971, provides:

"If the motion [motion to set aside] be granted the court must order that the defendant, if in custody, be discharged therefrom, or if admitted to bail, that his bail be exonerated, or if he have deposited money instead of bail, that the money be refunded to him *unless it direct that*

*the case be resubmitted to the same or another grand jury."* (Emphasis added)

Section 500 provides:

"If the court direct that the case be resubmitted, the defendant, if already in custody, must so remain, unless he be admitted to bail; or if already admitted to bail, or money have been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment or information; and unless a new indictment or information is found before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed in the preceding section."

Section 501 then provides:

"An order to set aside an indictment or information as provided in this article is no bar to a further prosecution for the same offense."

Section 501 therefore refers to an order setting aside an indictment or information for the reasons set forth in Section 493.

Section 502 provides, that the only pleadings permissible to the defendant are a demurrer or a plea. Section 503 provides that pleas and demurrers must be made in open court, and Sections 504–507 set out the procedure for demurring to the indictment or information. Section 508, provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

Clearly, section 508 refers to sustaining a demurrer to a felony offense after a preliminary examination has been conducted, and the defendant has been bound over to stand trial.

In the instant matter, we do not have petitioner's motion to quash before this Court. Nor are we concerned with whether the Court's order sustaining petitioner's mo-

tion was proper. Had the District Attorney followed the provision of the statutes which provide the means and manner for the State to appeal a final order of the trial court, that question would have been resolved by this Court. However, no appeal was attempted on the part of the State. Judge Hunter's order dismissing Case No. CRF–78–101 reads as follows:

"NOW, on this 24th day of February, 1978, this matter comes on to be heard upon the Defendant's Motion to Quash amended information, filed of record on February 21, 1978, and the Court having read and examined the transcript of the Preliminary Hearing in this cause and being fully advised in the premises, and upon consideration thereof, finds and orders that said Motion to Quash Amended Information is sustained, case dismissed and Defendant's appearance bond exonerated."

We therefore conclude that petitioner's motion was in the nature of a demurrer under Section 504, which was sustained by the trial court. Therefore, that order became a final order from which the State should have appealed.

Absent statutory authority, the State has no right to appeal in criminal cases. Title 22 O.S. 1971, § 1053, provides that:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

2. Upon an order of the court arresting the judgment.

3. Upon a question reserved by the State."

The State Legislature provided for an additional appeal by the State in Title 22 O.S. Supp.1978, § 1053.1, which provides:

"Any final judgment entered by a district court in a criminal action rendering an act of the State Legislature to be unconstitutional shall be automatically appealed to the Court of Criminal Appeals, unless said act has been previously declared

unconstitutional by said Court of Criminal Appeals. Such appeals shall be by the District Attorney upon a reserved question of law."

Because of the broad language of the statute, 22 O.S.1971, § 501, has been applied by this Court to inapplicable situations. Section 501 pertains only to setting aside an indictment or information as provided in Section 493 and does not pertain to a final order entered by the trial court under Section 508. Where the State considers the District Court order sustaining the demurrer and dismissing the case to be erroneous, the State should perfect its appeal to the Court of Criminal Appeals as provided in Section 1053, of 22 O.S.1971. It was never the intention of the Legislature that once a criminal case reached the trial court and the trial court entered a final order, without ordering that the information be refiled or resubmitted to another grand jury, the prosecuting attorney might disregard that District Court final order and refile the same information.

In the instant case, petitioner was bound over to stand trial in the District Court and properly entered his motion to quash, or more properly his demurrer to the information, at arraignment prior to pleading, in accordance with Section 503. The trial court sustained that motion, discharged the petitioner and exonerated his bail, without directing that a new information be filed as provided in 22 O.S.1971, § 508. Had petitioner's motion been denied, he would have been required to enter a plea at his arraignment. Notwithstanding the fact that jeopardy has not attached at this point, further proceedings in this case are precluded by the wording of Section 508, which provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, . . . ."

The exception is thereafter provided that the court may direct that a new information be filed to correct any deficiency if the court finds such action is required.

The judge's order quashing the information should have followed the format set out in State v. Durham, Okl.Cr., 545 P.2d 805 (1976), but even when the written order is lacking, the prosecutor's sole remedy where a motion to quash an information or indictment is sustained on the basis of insufficiency of the evidence is an appeal under 22 O.S.Supp.1978, § 1053.1. If this Court decides the District Court's order was erroneous, then this Court will remand the case for further proceedings under the same information or indictment. In State v. Young, 20 Okl.Cr. 383, 203 P. 484 (1922), after a motion to quash was sustained in the trial court, the State elected to appeal under Section 1053 upon a reserved question of law, rather than an appeal from the final order sustaining the motion to quash. At the conclusion of that decision, at page 488, the following is stated:

"It follows that, the State not having appealed from the judgment of the district court of Carter county quashing the indictment in this case, said judgment of dismissal is a finality."

In the instant case, the State elected not to appeal the trial court's order. Therefore, the order became final and the State is precluded from refiling the information under the same facts and circumstances, and therefore Case No. CRF–78–759 must proceed no further.

In the response filed in this case, the State relies upon State v. Edmondson, Okl. Cr., 536 P.2d 386 (1975), and State v. Hanna, Okl.Cr., 540 P.2d 1190 (1975), for authority to refile the information notwithstanding the trial court's final order. However, both Edmondson and Hanna can be clearly distinguished from the instant case. The Edmondson case commenced an appeal under this Court's Rule Six from an adverse ruling of the magistrate. Subsequently, the District Court combined the hearing on the Rule Six appeal and the defendant's motion to quash the information. At the conclusion of that hearing, the trial court sustained the motion to quash the information and the State appealed to this Court under the provisions of 22 O.S.1971, § 1053. After reviewing the trial court's action on

the motion to quash, this Court reversed the trial judge's ruling.

In *State v. Hanna,* supra, the defendant was bound over to stand trial on a charge of murder in the first degree. At arraignment, the District Judge sustained the defendant's motion to quash the information and discharged the defendant. From that order the State appealed the trial court's ruling. This Court reversed the trial judge's order, but recited a new information could be filed on the same offense. However, that provision in *Hanna* was specifically overruled in this Court's decision in *State v. Durham,* supra. Likewise, the provisions of the *Edmondson* case, as they conflict with the *Durham* case, were overruled. In the *Durham* case, supra, this Court reversed and remanded the trial court's ruling with specific instructions that the matter was being remanded to the trial court to proceed under the original case number.

█ We therefore hold that where a defendant has been bound over at preliminary examination and at arraignment files a motion to quash the indictment or information, or a demurrer to the indictment or information, which is sustained by the trial court and in which order the court does not provide that the case shall be resubmitted to another grand jury or a new information filed, that order becomes a final order and is appealable to the Court of Criminal Appeals by the State as provided for in 22 O.S.1971, § 1053. And further, when the State fails to perfect its appeal to this Court, the case is at an end.

We, therefore, issue the writ prayed for, and the District Court of Oklahoma County is directed to dismiss with prejudice to further proceedings in Case No. CRF-78-759.

WRIT GRANTED.

CORNISH, P. J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

This opinion confuses a challenge to the sufficiency of the evidence taken at a preliminary hearing on a motion to quash with a demurrer to the indictment or information. While a demurrer challenging the sufficiency of an indictment or information, if sustained without a direction to amend said information or resubmit the case to the grand jury, becomes final and bars the filing of a new indictment or information, the appeal taken from the demurrer is taken on a reserved question of law. Whereas the order of the court sustaining a motion to quash an indictment or information based on the sufficiency of the evidence taken at the preliminary hearing does not bar the refiling of an information, and this may be appealed under the express provisions of § 1053. A failure to appeal does not preclude the refiling of a new information. The petitioner's application for an order prohibiting further proceedings in the District Court, Oklahoma County, should be denied.