Johnnie Lee STILL, Petitioner,

v.

The Honorable Jay DALTON, Judge of the District Court, Tulsa County, The State of Oklahoma, Respondent.

No. O–80–740.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1981.

Frank H. McCarthy, Asst. Public Defender, Oklahoma City, for petitioner.

S. M. Fallis, Dist. Atty., Tulsa County, James F. Raymond, Asst. Dist. Atty., Tulsa County, for respondent.

## OPINION

BRETT, Judge:

This is an original proceeding in which Johnnie Lee Still has petitioned this Court for a writ of prohibition and/or mandamus directed to the Honorable Judge Jay Dalton requiring him to dismiss Cases No. CRF–80–2711 and 2712. It is petitioner's contention that the District Court of Tulsa County is without jurisdiction to proceed against the petitioner in these cases.

On June 3, 1980, two charges were filed against the petitioner, Johnnie Lee Still, one for Burglary in the First Degree, CRF–80–1807; and one for Attempted Rape, CRF–80–1808. A preliminary hearing was held in those cases, and the petitioner was bound over for district court arraignment. Thereafter, the petitioner filed in district court a motion to quash for insufficient evidence, which was sustained in both cases on August 6, 1980. The petitioner was ordered released.

One day later the same two charges were refiled against the petitioner under Cases No. CRF–80–2711 and CRF–80–2712. A second preliminary hearing was held, and the State offered new evidence obtained after the cases had been dismissed the first time. The new evidence consisted of the following: Assistant district attorney Ben

Baker met with the petitioner, Still, in the district attorney's office on August 6, 1980, after the petitioner's release by the court in CRF–80–1807 and CRF–80–1808. At approximately 1:30 p. m. on August 6, 1980, the petitioner, Still, came to Mr. Baker's office to retrieve certain property, among other items of which was a certain cap, brought from the Tulsa Police Department at Mr. Baker's request. The petitioner, Still, looked in the cardboard box containing the property, removed a red and white cap "... and said it was his" (Tr. 29). The petitioner was asked if that was the cap he was wearing on the night of the offense "and he said it was." Therefore the new evidence which caused the State to refile was the petitioner's personal claim of ownership of the baseball cap, evidence found at the victim's home and directly linking him to the commission of the crimes alleged in CRF–80–1807 and CRF–80–1808. Following the second preliminary hearing, the petitioner was again bound over for district court arraignment. At the district court arraignment Judge Dalton overruled the petitioner's motion to quash the information in each case; the petitioner declined to enter a plea to the charge and the court entered a plea of not guilty for the petitioner.

The petitioner contends that the district court is without jurisdiction to proceed against him in these cases based on the authority of *Stephens v. Parr*, Okl.Cr., 589 P.2d 1069 (1979).[1] A motion to quash the information was sustained by the trial court after the first preliminary hearing. The petitioner urges that because the trial court's order did not provide that a new information should be filed, this order became final and appealable to the Court of

1. *Stephens* held that a motion to quash an information for lack of sufficient evidence at the preliminary hearing was in the nature of a demurrer. 22 O.S.1971, § 504, sets out the procedure allowing a defendant to demur when there is a defect on the face of the indictment or the information. Unless the court directs otherwise, a sustained demurrer to the information is a bar to any further prosecution for the offense charges. 22 O.S.1971, § 508. In

*Stephens* the second information was filed without any new evidence being obtained or offered. Stephens was arrested again as he was leaving the courthouse. At the hearing before this Court, the prosecutor admitted that he had no new evidence, a point which is not clearly stated in the opinion of *Stephens v. Parr*, supra. This fact clearly distinguishes the instant case from *Stephens*.

Criminal Appeals as provided in Laws 1978, c. 248, § 2, now 22 O.S.Supp.1980, § 1053. He further alleges that, by failing to perfect such an appeal, the State is precluded from refiling the charges.

After a thorough review of Oklahoma cases from 1893 to the present, this Court has determined that a motion to quash an information for insufficient evidence at the preliminary hearing comes in Title 22 O.S.1971, § 493, which defines the circumstances under which an indictment or information must be set aside. Although there is no specific subsection listed for insufficient evidence at the preliminary hearing, case law provides that an indictment must be found on legal and competent evidence and, where such is not the case, it may be set aside or quashed under 22 O.S. 1971, § 493. *Spivey v. State*, 69 Okl.Cr. 397, 104 P.2d 263 (1940); *Royce v. Territory*, 5 Okl. 61, 47 P. 1083 (1897). We have now placed a motion to quash an indictment based on insufficient evidence where it properly belongs, under 22 O.S.1971, § 493, and when such a motion is sustained by the trial court it is no bar to a further prosecution for the same offense under 22 O.S.1971, § 501. *State v. Edmondson*, Okl.Cr., 536 P.2d 386 (1975); *Patrick v. State*, 95 Okl.Cr. 141, 241 P.2d 418 (1952). Wherein this ruling conflicts with *Stephens*, supra, *Stephens* is overruled.

However, this is not to be interpreted as granting license to the State to refile the same information without new evidence when a motion to quash an information for insufficient evidence at the preliminary hearing is sustained by the trial court. Not only is refiling without cause unnecessarily burdensome to our overcrowded courts; it may also constitute harassment of an accused. This is in derogation of a defendant's constitutional right to due process of law. Oklahoma Constitution, art. II, § 7.

In the present case, the State secured new evidence against the petitioner after the first information had been dismissed, which new evidence this Court finds to be sufficient reason to allow the State to refile the charges against the petitioner.

We therefore conclude that the petition for a writ of prohibition and/or writ of mandamus should be, and the same is hereby, DENIED.