STATE of Oklahoma, Appellant,

v.

**Randal Ray TIEMAN, Appellee.**

**No. 0–80–510.**

Court of Criminal Appeals of Oklahoma.

April 13, 1981.

S. M. Fallis, Jr., Dist. Atty., Ken Cunningham, Asst. Dist. Atty., Tulsa, for appellant.

William C. Kellough, Boone, Smith, Davis & Minter, Tulsa, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

The appellee was charged by information in the District Court, Tulsa County with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. On the 29th day of May, 1980, the trial court, on its own motion, dismissed the case for lack of subject matter jurisdiction. The court found that because the accused was a minor at the time of the offense, the proper forum to initiate the action was in the Juvenile Division of the District Court.[1]

The State is now seeking to appeal the decision of the district court by attempting to construe the trial judge's order as one sustaining a motion to quash the information. Title 22 O.S.Supp.1980, § 1053.[2] We find the State's attempt to categorize the judge's action as a motion to quash to be improper.

An order by the trial court, on its own motion, dismissing an action is authorized by 22 O.S.1971, § 815. An order issued under the authority of the above section is not a bar to a subsequent prosecution for the same offense. See 22 O.S.1971, § 817. The order is therefore not final and the State has no standing to appeal under 22 O.S.Supp.1980, § 1053, See *State v. Gary*, 594 P.2d 796 (Okl.Cr.1979); *State v. Robinson*, 544 P.2d 545 (Okl.Cr.1975).

Since the State is not barred from refiling the information we find this purported appeal be and the same is, hereby DISMISSED.

BRETT, P. J., and BUSSEY, J., concur.

---

1. The court's ruling was made prior to this Court's decision in *Fanshier v. Oklahoma City*, 620 P.2d 1347 (Okl.Cr.1980), wherein we held proper an adult prosecution for a juvenile charged with D.U.I.

2. Section 1053 provides that:

"Appeals to the Court of Criminal Appeals may be taken by the State or a municipality in the following cases and no other:

1. Upon *judgment* for the defendant on quashing or setting aside an indictment or information.

2. Upon an order of the court arresting the judgment.

3. Upon a question reserved by the state or a municipality." [emphasis added]