The STATE of Oklahoma, ex rel., Robert H. MACY, District Attorney of Oklahoma County, Oklahoma, Appellant,

v.

William T. JACKSON, Appellee.

No. O–81–405.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1983.

Robert H. Macy, Dist. Atty., Susan L. Palmer, Asst. Dist. Atty., Oklahoma City, for appellant.

Mike W. Speegle, Oklahoma City, for appellant.

## MEMORANDUM OPINION

CORNISH, Judge:

The State is seeking to appeal a decision of the District Court of Oklahoma County, sustaining the appellee's "motion to quash the information" in Case No. CRF–80–3999. The district judge ruled that Jackson had been illegally arrested and therefore any evidence obtained pursuant to the illegal arrest should be suppressed.

The State apparently seeks to appeal the district court's decision under the authority of Title 22 O.S.1981, § 1053(1). This statutory section, however, does not authorize the State to appeal a district court ruling dismissing the information based upon insufficient evidence as a result of a suppression of the evidence. Section 1053(1) merely allows the State to appeal from a district court's ruling setting aside an indictment pursuant to Title 22 O.S.1981, § 493. *State v. Patton*, 637 P.2d 1266 (Okl. Cr.1981).

In this case, the district court's action does not bar the State from refiling another information for the same offense. Title 22 O.S.1981, § 817. Therefore, since the district court's ruling does not constitute a final order, the State has no standing to appeal pursuant to 22 O.S.1981, § 1053. *State v. Tieman*, 626 P.2d 1360 (Okl.Cr. 1981).

IT IS THEREFORE THE ORDER OF THIS COURT that the above styled and numbered cause be DISMISSED.

BUSSEY, P.J., and BRETT, J., concur.