STATE of Oklahoma, Appellant,

v.

Michael Wayne HAMMOND, Appellee.

No. S–87–994.

Court of Criminal Appeals of Oklahoma.

June 13, 1989.

Rehearing Denied Sept. 18, 1989.

David L. Moss, Dist. Atty. and Paul B. Smith, Asst. Dist. Atty., Tulsa, for appellant.

Everett Bennett, Jr., Frasier and Frasier, Tulsa, for appellee.

## OPINION

PARKS, Vice Presiding Judge.

The State, alternatively under 22 O.S. 1981, § 1053(1) or § 1053(3) has appealed the decision of the Tulsa County District Court, which dismissed Case No. CRM–87–123, holding that the evidence presented was insufficient to show force or violence as required by 21 O.S.1981, §§ 641 and 642.

We do not reach the merits of this case as the appeal must be dismissed insofar as it does not fall within the state appeals authorized by 22 O.S.1981, § 1053. A brief summary of the procedural history is necessary. Appellee, who was the defendant below, was charged with Assault and Battery. On the morning of trial, appellee filed a "Motion to Quash" the Information based on insufficient evidence. Before trial began, an *in camera* hearing was held wherein the trial judge heard evidence regarding the appellee's motion. After allowing the State additional time to present authority, the judge sustained the motion to quash on the basis that the State had not presented sufficient evidence of the element of force. The prosecutor objected and gave notice of his intent to appeal the ruling.

■ For many years, the hybrid "motion to quash for insufficient evidence" has troubled this Court. While it has been recognized that there is no specific statutory authority for such a motion, we have repeatedly stated that such a motion falls within 22 O.S.1981, § 493, setting aside an information or indictment, or 22 O.S.1981, § 504, a demurrer to the information. *State ex rel. Macy v. Jackson*, 659 P.2d 361, 362 (Okla.Crim.App.1983); *State ex rel. Fallis v. Patton*, 637 P.2d 1266, 1267 (Okla.Crim.App.1981); *Still v. Dalton*, 624 P.2d 76, 78 (Okla.Crim.App.1981); *State v. Tieman*, 626 P.2d 1360, 1361 (Okla.Crim. App.1981); *State v. Truesdell*, 620 P.2d 427, 428 (Okla.Crim.App.1980); *State v. Durham*, 545 P.2d 805, 811–12 (Okla.Crim. App.1976); *City of Tulsa v. Haley*, 554 P.2d 102, 105 (Okla.Crim.App.1976); *Patrick v. State*, 95 Okl.Cr. 141, 241 P.2d 418, 422 (1952).

This type of "judicial legislation" has led to varied results depending on whether the defendant's motion was considered a motion to quash under Section 493 or a demurrer under Section 504. If it was considered to be within the mandates of Section 493, this Court held it was not a bar to further prosecution in light of Section 501 and was properly appealable by the State under 22 O.S.1981, § 1053(1). *Truesdell*, 620 P.2d at 428; *Durham*, 545 P.2d at 812. However, in some instances, we held that the "motion to quash for insufficient evidence" was more in the nature of a demurrer and was therefore a bar to further prosecution pursuant to Section 508, but was appealable under Section 1053(3). *Haley*, 554 P.2d at 105. In a third situation, this Court has held that a "motion to quash for insufficient evidence" does not fall within the mandates of Section 493, and is therefore not appealable under 22 O.S.1981, § 1053(1). *Jackson*, 659 P.2d at 362.

Clearly, neither the statutes dealing with the quashing of or the demurrer to the information nor the statutes dealing the permissible state appeals envisioned this "hybrid." Section 493 specifically deals with defects evident on the face of the information or with errors occurring during the grand jury process. This section, which is the sole statutory authority for the setting aside of an information or indictment, has been strictly construed by this Court, requiring the defendant to clearly show that he falls within the enunciated provisions. *State v. Barnett*, 60 Okla. Crim. 355, 69 P.2d 77, 84 (1936). Furthermore, we have stated that Section 504, which addresses the criteria for a demurrer, is limited to those defects which appear on the face of the information. *Truesdell*, 620 P.2d at 428.

Thus, we have no choice but to determine that a "motion to quash for insufficient evidence" is not authorized by either Section 493 or 504. Although this ruling leaves a void, we have concluded that it is the duty of the legislature, rather than the duty of this Court, to enact statutes which deal with this problem. In so holding, we expressly overrule the following cases to the extent that they are inconsistent with this opinion: *State v. Ogden*, 628 P.2d 1167 (Okla.Crim.App.1981), *Still v. Dalton*, 624 P.2d 76 (Okla.Crim.App.1981), *State v. Truesdell*, 620 P.2d 427 (Okla.Crim.App. 1980), *City of Tulsa v. Haley*, 554 P.2d 102 (Okla.Crim.App.1976), *State v. Durham*, 545 P.2d 805 (Okla.Crim.App.1976), and *Ray v. Stevenson*, 71 Okla.Crim. 339, 111 P.2d 824 (1941).

■ Next, we turn to Section 1053 to determine whether this case is properly appealable by the State. Section 1053 authorizes limited instances in which the state may appeal; however, this "statutory authority cannot be enlarged by construction." *State v. Humphrey*, 85 Okla.Crim. 153, 186 P.2d 664, 665 (1947). Because the "motion to quash for insufficient evidence" is a fiction not authorized by statute, we do not believe an appeal from such a motion is authorized by Section 1053. Any other in-

terpretation would be a judicial enlargement of Section 1053.

Section 1053(1) allows the State to appeal a "judgment for the defendant on quashing or setting aside an indictment or information." This section must be interpreted in light of Section 493 insofar as Section 493 is the only statutory authority for the quashing or setting aside of an information. Because we have determined that a "motion to quash for insufficient evidence" does not fall within the statutory language of Section 493, it cannot be appealed under Section 1053(1). *See Jackson*, 659 P.2d at 362; *Patton*, 637 P.2d at 1266.

■ Neither can this case be appealed under Section 1053(3) which allows the State to appeal "a question reserved by the State or a municipality." To pursue an appeal on a reserved question of law, there must be a judgment of acquittal or an order of the court which expressly bars further prosecution. *Matter of R.G.M.*, 575 P.2d 645, 646 (Okla.Crim.App.1978). In the instant case, there was not a judgment of acquittal. Neither did the trial court's order sustaining the defendant's motion expressly bar further prosecution. Therefore, the State is not entitled to appeal this ruling.

Because we find no statutory authority allowing the State to appeal from the district court's ruling, sustaining a "motion to quash for insufficient evidence," this appeal is DISMISSED.

The State attempted to appeal under 22 O.S.1981, § 1053 from the dismissal of Case No. CRM–87–123, by the Tulsa County District Court. DISMISSED.

BRETT, P.J., and BUSSEY, J., concur.

LANE and LUMPKIN, JJ., dissent.

LANE, Judge, dissenting:

I respectfully dissent to the majority opinion and also the dissenting opinion of Judge Lumpkin for the reason that I believe that the motion being considered by the trial court was in actuality a demurrer. The motion was styled "Amended Motion To Quash", but it stated:

"Comes Now the Defendant, Michael Wayne Hammond, by and through his attorney of record, Everett R. Bennett, Jr., and hereby moves this Honorable Court to quash the Information filed in this case on the grounds that the State of Oklahoma has *failed to allege the necessary elements in the Information for the crime of Assault and Battery ....*"

In *Whaley v. District Court of Mayes County,* 422 P.2d 227 (Okl.Cr.1966), we held that the character of a pleading is to be determined by the allegations in its body and the prayer for relief rather than the heading. 22 O.S.1981, § 504 permits a demurrer to an indictment or information when it appears upon the face of the indictment or information that "the facts stated do not constitute a public offense." The language of Appellee's Amended Motion to Quash is a paraphrase of the quoted statutory language, and as such, creates a demurrer. The trial court erred in taking testimony pursuant to Appellee's motion because a ruling on the demurrer must be based on the face of the information and the allegations contained in that pleading. *State v. Truesdell,* 620 P.2d 427, 428 (Okl. Cr.1980).

Having found that in fact the Amended Motion to Quash was a demurrer to the Information, we must now determine whether or not it is an order from which the State may appeal. I would agree with the language of the majority opinion that the ruling of the trial court creates a bar to further prosecution because of the language of 22 O.S.1981, § 508 and is appealable by authority of 22 O.S.1981, § 1053(3) only upon a question reserved by the State.

As to the substantive issue presented by this appeal, I would agree with Judge Lumpkin that any force, no matter how slight, would constitute an element of the crime of Assault and Battery and further state that any unauthorized touching is all that is necessary to establish a battery. However, because of the statutory rule that a trial court's ruling against the State of Oklahoma on a demurrer is a bar to further prosecution, I would hold that the State may not proceed against the Appellee.

I therefore, DISSENT.

LUMPKIN, Judge, dissenting:

I respectfully dissent. The issues presented here are first, how to characterize Appellee's motion; second, whether a ruling by the trial court in favor of a defendant on a motion to quash for insufficient evidence can be appealed by the State; and third, if so, under what authority.

The record shows that on April 20, 1987, Appellee filed his Motion to Quash Arrest and Suppress Evidence on the grounds that there was no probable cause for arrest and therefore the subsequent seizure of evidence was invalid. On September 16, 1987, the Appellee filed his Amended Motion to Quash, contending that the State had failed to allege the necessary elements of the offense charged. While Appellee's motion as amended was in fact a demurrer to the information, by holding a hearing, allowing inquiry as to the sufficiency of the evidence supporting the element of force or violence, and making its ruling based on the sufficiency of the evidence, the trial court transformed Appellee's motion into a motion to quash for insufficient evidence.

The common law has been incorporated into our statutes. *See* 22 O.S.1981, § 9. A motion to quash replaces the common law plea in abatement. *Royce v. Territory of Oklahoma,* 5 Okl. 61, 47 P. 1083 (1897). It is not "judicial legislation" to apply the common law. In addition, a motion is an application by a party to a suit for an order from the court. *Landrum v. State,* 96 Okl.Cr. 356, 255 P.2d 525 (1953). As such it may encompass a wide variety of matters which may not be specifically enumerated in the statutes: *Barber v. State,* 388 P.2d 320 (Okl.Cr.1963) (Motion Objecting to Introduction of Evidence); *Holt v. State,* 505 P.2d 500 (Okl.Cr.1973) (Motion to Suppress). To agree with the majority's holding that a motion to quash for insufficient evidence is a fiction because it has no statutory authorization would be contrary to the common law and accepted trial procedure

and would require this Court to hold that since the trial court had no authority to so rule upon a fiction, its ruling must be vacated and the charges reinstated for trial on the merits.

It is true that this Court has been troubled by motions to quash for insufficient evidence. We have held that a district court ruling upon a motion to quash and motion to suppress resulting in insufficient evidence and dismissal of the information cannot be appealed under 22 O.S.1981, § 1053(1) because appeal under that section can only arise from the setting aside of an indictment or information under § 493. *State ex rel. Macy v. Jackson*, 659 P.2d 361 (Okl.Cr.1983); *State ex rel. Fallis v. Patton*, 637 P.2d 1266 (Okl.Cr.1981). The fallacy of these holdings is that *Jackson* relies solely upon *Patton* as authority, and *Patton* cites no authority.

We have also held that a motion to quash for insufficient evidence at the preliminary hearing comes under § 493 because although the section contains no specific provision for insufficient evidence, case law provides an indictment must be found on legal and competent evidence or be subject to being set aside pursuant to § 493. *Still v. Dalton*, 624 P.2d 76 (Okl.Cr.1981). Under *Still's* reasoning, appeal by the State is proper under § 1053. However, *Still's* application of the holdings in the two cases it cites is misplaced. *Spivey v. State*, 104 P.2d 263 (Okl.Cr.1940), states that an indictment is invalid and may be quashed where there is no legal and competent evidence upon which it was based, but then limits such evidence to the statutory grounds set forth in § 493. *Royce v. Territory*, 5 Okl. 61, 47 P. 1083 (1897) refers to the statutory provisions now encoded in § 493 as proper challenges to legal and competent evidence supporting an indictment. It is interesting to note that *Still* fails to cite as authority *State v. Truesdell*, 620 P.2d 427 (Okl.Cr.1980), which holds that in addition to the grounds set forth in § 493, a motion to quash the information may be used to challenge the sufficiency of the evidence presented at preliminary hearing.

In the present case the Appellee did not base his motion on any of the grounds contained in § 493. Nor was his motion a challenge to evidence presented at preliminary hearing, inasmuch as he was charged with a misdemeanor. However, the State should not be precluded from appealing under § 1053(1). The fundamental rule of construction of a statute is to ascertain and give effect to the intention of the Legislature as expressed in the statute. *Davis v. State*, 300 P.2d 1000, 1007 (Okl.Cr.1956). The legislative intent should be sought in the ordinary meaning of the words of a statute, construed in view of the connection in which they are used. *Brown v. State*, 314 P.2d 362, 365 (Okl.Cr.1957). The court may look to each part of the same, to other statutes upon the same or relative subjects, and to the natural or absurd consequences of any particular interpretation. *Thomas v. State*, 404 P.2d 71, 73 (Okl.Cr.1965). When two different provisions regulate the same subject matter, both provisions are to be given effect if such effect would not defeat the intent of the Legislature. *State v. Smith*, 539 P.2d 754, 757 (Okl.Cr.1975).

Section 1053(1) in no way restricts its application to appeals from the setting aside of an indictment or information under § 493. It clearly states appeal is proper "[u]pon judgment for the defendant on quashing or setting aside an indictment or information." The ordinary meaning of these words allow appeal from a ruling for a defendant on his motion to quash, regardless of whether he moved to quash based upon grounds enumerated under § 493 or because the evidence was insufficient. It is the duty of the Legislature, not this Court, to narrow the application of § 1053(1) to § 493.

In accordance with the views expressed herein, appeal has been properly brought under § 1053(1), necessitating that we address the merits. I would find that the degree of force necessary to constitute the crime of assault and battery is only the slightest force or touching in accordance with Oklahoma Uniform Jury Instruction OUJI–CR 420. I would further hold that because jeopardy had not attached, the State may proceed against the Appellee.

Additionally, another misapplication of § 493 needs to be addressed. This Court has previously held in *Ray v. Stevenson,* 71 Okl.Cr. 339, 111 P.2d 824 (1941), that Sections 493, 496, 498, 499, 500, 501, 502, 504, 507 and 508 apply only to felonies, not misdemeanors. *Ray's* reasoning was based upon the court structure prior to 1969, in which the county court handled all misdemeanors and did not have the authority to direct a case to be resubmitted to a grand jury. In *State v. Ogden,* 628 P.2d 1167, 1169 (Okl.Cr.1981), Judge Brett in his well-reasoned dissent noted that since the reorganization of the courts provides that midsemeanor cases are now tried in the district court which has the authority to resubmit the case to another grand jury or direct that a new information be filed, 22 O.S. 1981, § 508 should apply to misdemeanors as well as felonies. This Court should adopt Judge Brett's dissent and hold that Sections 493 through 510 apply to both felonies and misdemeanors. Insofar as this ruling conflicts with the following cases, they should be overruled: *Royce v. Territory of Oklahoma,* 5 Okl. 61, 47 P. 1083 (1897), *Ex Parte Dodson,* 3 Okl.Cr. 514, 107 P. 450 (1910), *Green v. State,* 33 Okl.Cr. 268, 243 P. 533 (1926), *Ray v. Stevenson,* 71 Okl.Cr. 339, 111 P.2d 824 (1941), *State v. Stout,* 90 Okl.Cr. 35, 210 P.2d 199 (1949), *State v. Robinson,* 544 P.2d 545 (Okl.Cr.1975), and *State v. Ogden,* 628 P.2d 1167 (Okl.Cr.).