13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald Eugene HAWKES, Petitioner-Appellant,
v.
Jack COWLEY and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-5047.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of Petitioner Donald Hawkes' request for a writ of habeas corpus. We affirm.
 
 
 3
 Petitioner was convicted in state court of rape in the first degree and assault and battery with intent to kill, for which he was sentenced. After exhausting available state remedies and appeals, Petitioner filed a Petition for Writ of Habeas Corpus asserting three separate grounds for relief. This petition was denied in 1986.
 
 
 4
 In 1992, Petitioner filed a second Petition for Writ of Habeas Corpus alleging entirely different grounds for relief than those claimed in his first petition. In particular, Petitioner asserted that "the state failed to meet its burden of proof as to the elements of corpus delicti [sic] & probable cause during the preliminary hearing." Therefore, he was improperly held over for trial. Record on Appeal, doc. 1, p. 6. By liberally construing the second petition, it becomes apparent that Petitioner was arguing that the government presented insufficient evidence at the preliminary hearing to justify proceeding with a trial of Petitioner. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.) (pro se litigant's pleadings entitled to liberal construction). Relying on McCleskey v. Zant, 499 U.S. 467, and Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.), the district court found that the second petition was an abuse of the writ and consequently dismissed the petition. The case currently before this court is an appeal from the denial of the second petition.
 
 
 5
 There is no dispute that the government adequately pleaded abuse of the writ. The question thus presented to this court is whether Petitioner met his burden of proof to disprove abuse. In order to disprove abuse in the context where new issues have been raised in a subsequent petition, a petitioner must show cause for failing to raise the issues in the prior petition and must demonstrate prejudice. Rodriguez, 948 F.2d at 687. If a petitioner cannot show cause, he or she may still prevail by showing that a fundamental miscarriage of justice will result if the court does not address the claims. Id. To establish cause "requires a showing of some external impediment" that prevented the petitioner from originally asserting the claim. Murray v. Carrier, 477 U.S. 478, 492.
 
 
 6
 In an attempt to show cause in this case, Petitioner first argues that the insufficiency of the evidence claim was not pursued in the original petition because he received ineffective assistance of counsel at trial, on appeal, and with respect to his first petition. Although hypothetically Petitioner may have not received effective assistance at trial and on appeal, we can see no correlation between these assertions and Petitioner's failure to raise the insufficiency of the evidence claim in the first instance. Concerning Petitioner's first petition, he was assisted by an inmate legal assistant whose deficient advice cannot support a showing of cause. See Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.) (poor advice from an inmate law clerk does not establish cause).
 
 
 7
 At the district court level, Petitioner had also argued that Oklahoma law had been substantively changed since the filing of his first petition. Petitioner claimed that State v. Hammond, 775 P.2d 826 (Okla.Crim.App.), authorized a Motion to Quash [the Information] for Insufficient Evidence but that this was not the rule at the time of his trial or his first petition, thus he did not raise the insufficiency of the evidence claim in the original petition. However, on appeal Petitioner seems to agree with the district court's determination that Hammond does not authorize such a motion. Even if Petitioner's brief on appeal could be construed to challenge the district court's ruling on this issue, we agree with the court's finding that Hammond did not substantively change the law relative to Petitioner's rights or claims.
 
 
 8
 For the first time on appeal, Petitioner argues that Okla. Stat. tit. 22, 504.1, was recently amended to provide Petitioner with the right to file a motion to quash. The rule in this circuit is that issues not raised before the district court are generally not cognizable on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565 (10th Cir.). We see no reason to deviate from this rule and therefore do not reach Petitioner's statutory claim.
 
 
 9
 Lastly, Petitioner has made no showing of his innocence that would satisfy the "fundamental miscarriage" exception. See Rodriguez, 684 F.2d at 688.
 
 
 10
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3