2004 OK CR 11

**The STATE of Oklahoma, Appellant**

v.

**Ronald LOVE and Corey Michael White, Appellee.**

No. S-2002-1192.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 2004.

David Brooks, Sayre, OK, attorney for Defendant Love at trial and appeal.

Avery A. Eeds, Jr., Elk City, OK, attorney for Defendant White at trial and appeal.

## SUMMARY OPINION

CHAPEL, Judge.

¶ 1 Ronald Maquince Love and Corey Michael White were charged with Unlawful Possession of Marijuana With Intent to Distribute in violation of 63 O.S.2001, § 2-401(B)(2), in the District Court of Beckham County, Case No. CF-2002-25. After Love and White were bound over, they filed a Motion to Suppress. After a hearing on the motion, the Honorable Charles L. Goodwin suppressed the evidence, dismissed the case, and exonerated the defendants' bonds. The State appeals from this decision on a reserved question of law.[1]

¶ 2 The State asks this Court to decide whether uniformed officers can use unmarked cars, equipped with combinations of flashing lights, to make traffic stops. After thorough consideration of entire record before us, including the original record, transcripts, briefs, and exhibits, we answer the question "yes."

¶ 3 The Legislature has prohibited any municipality or sheriff's department from using "any vehicle which is not clearly marked as a law enforcement vehicle for routine traf-

1. 22 O.S.2001, § 1053(3). Subsection 3 of the statute permits appeals of a dismissal based on suppression of evidence as reserved questions of law. During the pendency of this appeal, the statute was amended. Subsection 5 allows for appeals of pretrial orders suppressing or excluding evidence. The State urges us to review this case under subsection 5 rather than subsection 3. However, under the circumstances of this case subsection 3 is the appropriate section. The trial court did not merely issue a pretrial order; it dismissed the case. There was no order staying the proceedings. The trial court's order suppressing the evidence and dismissing the case bars further prosecution. *State v. Campbell*, 1998 OK CR 38, 965 P.2d 991, 992.

fic enforcement." [2] The statute defining "clearly marked" provides that an unmarked vehicle used for routine traffic enforcement must be equipped with certain lights, including at least three flashing red or blue lights and two flashing white lights to the front; red, blue or white flashing lights at the corners; and at least one flashing red, blue or yellow light at the rear.[3] The record shows that the officer's Ford Crown Victoria had more than enough lights and met this standard.

¶ 4 These statutes are easily reconciled. In enacting the statutes requiring marked cars, the Legislature's explicit concern was the "increased number of persons impersonating law enforcement officers by making routine traffic stops while using unmarked cars." [4] Nothing in the language of the statutes suggests that the Legislature intended to prevent law enforcement from making legitimate traffic stops in unmarked cars. Had that been the case, there would be no need for the provision requiring certain combinations of flashing lights on unmarked cars. This Court will give effect to all portions of a statute or section as read together, presuming the Legislature will not do a vain thing.[5] We will not interpret a statutory scheme in a way which would render one statute meaningless.[6] The explicit legislative intent in prohibiting unmarked cars from making traffic stops is the protection of the public from impostors. Standing alone, this prohibition prevents law enforcement officers from using an important public safety tool. Recognizing this problem, the Legislature provided a remedy; unmarked cars may be used for routine traffic stops as long as the officer inside is in uniform and the cars are equipped with particular combinations of flashing lights. The complete statutory scheme thus allows law enforcement to use unmarked cars for routine traffic stops, un-

der certain conditions, while protecting the public from attack by criminal impostors posing as officers in unmarked cars.

**Decision**

¶ 5 Reserved Question of Law Answered.

JOHNSON, P.J. and STRUBHAR, J.: concur.

LILE, V.P.J. and LUMPKIN, J.: concur in part/dissent in part.

LILE, Vice Presiding Judge: concurs in part/dissents in part.

¶ 1 I concur in the decision and analysis concerning whether uniformed officers can use unmarked cars, equipped with combinations of flashing lights, to make routine traffic stops. However, I dissent to the decision and analysis regarding which section of 22 O.S.2001, § 1053 is applicable. The Opinion's analysis and decision that the appeal is a reserved question of law is based on the determination that the trial court's dismissal of the case bars further prosecution.

¶ 2 22 O.S.2001, § 1053(3) provides that an appeal may be taken by the State upon a reserved question of law. To pursue such an appeal, there must be a judgment of acquittal or an order of the court which expressly bars further prosecution. *State v. Campbell,* 1998 OK CR 38, ¶ 8, 965 P.2d 991, 992–993. In *Campbell* the trial court found Appellee's double jeopardy rights were violated and held that further prosecution was barred. *Id.*

¶ 3 In the instant case, the appeal was taken from the trial court's dismissal of the case for insufficient evidence subsequent to sustaining the defendant's motion to suppress. The ruling of the trial court, sustaining the defendant's motion to quash the information based upon insufficient evidence,

---

2. 11 O.S.2001, § 34–106; 19 O.S.2001, § 180.43(D).

3. 47 O.S.2001, § 12–218.

4. 11 O.S.2001, § 34–106; 19 O.S.2001, § 180.43(D).

5. Legislative intent controls statutory interpretation. "Intent is ascertained from the whole act in light of its general purpose and objective con-

sidering relevant provisions together to give full force and effect to each." *Keating v. Edmondson,* 2001 OK 110, 37 P.3d 882, 886.

6. *Huskey v. State,* 1999 OK CR 3, 989 P.2d 1, 6; *Reupert v. State,* 1997 OK CR 65, 947 P.2d 198, 201.

did not expressly bar the State from further prosecution. *State v. Hammond,* 1989 OK CR 25, ¶ 9, 775 P.2d 826, 828; *State ex rel. Macy v. Jackson,* 1983 OK CR 23, ¶ 3, 659 P.2d 361, 362. As there was no judgment of acquittal or an order of the court which expressly bars further prosecution, the State could not appeal on a reserved question of law.

¶ 4 22 O.S.2001, § 504.1, provides for the filing of a motion to quash for insufficient evidence after preliminary hearing. 22 O.S. 2001, § 1053(4), allows an appeal by the State upon a judgment for the defendant on a motion to quash for insufficient evidence in a felony matter. Therefore, under the circumstances of this case subsection 4 is the appropriate section for the appeal, and there is no bar to further prosecution. Additionally, 22 O.S.2001, § 817 provides that an order of dismissal is not a bar to further prosecution. This defendant has received a windfall to which he is not entitled under the law.

¶ 5 I am authorized to state that Judge Lumpkin joins in this writing.