OPINION OF THE COURT
Edward L. Robinson, Jr., J.
The State of New York recently has enacted a mandatory seat belt requirement imposing a civil penalty upon the drivers of certain "motor vehicles” and their front-seat passengers over the age of 16 for failure, when driving on a public highway, to wear safety belts approved by the New York State Commissioner of Motor Vehicles. (Vehicle and Traffic Law § 1229-c [3].)
The defendant, a critic of the statute, has been charged by a simplified traffic information with an alleged violation of its provisions which is said to have occurred on Friday, June 21, 1985, at 7:19 a.m. on Union Road, a highway in the Town of Cheektowaga, New York. It is claimed that at that time and place the defendant, in violation of the statute, operated an automobile while not restrained by a safety belt as required by law.
*994 Subsequent to the defendant’s arraignment in the Cheektowaga Town Court the matter was transferred by the Supreme Court, Erie County, to the Amherst Town Court pursuant to CPL 170.15 (3) (a). The defendant then moved under CPL 170.35 (1) (c) to dismiss the simplified trafile information on the ground that the statute in question is unconstitutional under the provisions of the United States Constitution.
This court, after hearing well-reasoned arguments by the defendant’s attorney in favor of the motion to dismiss and by the Deputy Town Attorney of Amherst and Assistant Attorney-General of the State of New York in opposition thereto, reserved decision as to the constitutional issues presented by the case. The court then proceeded to try the factual basis for the charge.
In this opinion, the court will first consider the constitutional objections which have been raised by the defendant’s motion to dismiss.
The question raised by this motion is not whether the court agrees with the provisions of the law or feels them unwise or counterproductive but whether the statute in question violates the Federal Constitution. With this cardinal principle in mind, the court will proceed to consider each of three objections to the statute raised by the defendant.
The pertinent provisions of Vehicle and Traffic Law § 1229-c, entitled "Operation of vehicles with safety seats and safety belts”, the statute in question, are as follows:
"3. No person shall operate a motor vehicle unless such person is restrained by a safety belt approved by the commissioner. No person sixteen years of age or over shall be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt approved by the commissioner.
"4. For the purposes of this section, the term 'motor vehicle’ shall include all motor vehicles which are required by section three hundred eight-three of this chapter or regulation or would be required if such motor vehicle were registered in New York state to be equipped by a safety belt but shall not include those vehicles which are used as school buses, as such term is defined in section one hundred forty-two of this chapter and those vehicles which are authorized emergency vehicles, as such term is defined in section one hundred one of this chapter.
"5. Any person who violates the provisions of this section shall be punished by a civil fine of up to fifty dollars * * *
*995 "9. Notwithstanding the provisions of subdivision four, this section shall not apply to taxis, liveries, tractors, trucks with a maximum gross weight of eighteen thousand pounds or over, and buses other than school buses.”
It is the contention of the defendant that the above statute is unconstitutional on three grounds:
I. That the State may not require drivers and passengers to wear seat belts, as to do so would exceed the permissible scope of the exercise of its police power.
II. That a classification created by the statute which exempts taxis, liveries, tractors, trucks with a maximum gross weight of 18,000 pounds or over and buses other than school buses violates due process and equal protection of the law under the US Constitution 14th Amendment.
III. That the statute is "impressively vague” in that "an ordinary person has no way of knowing which safety belts are approved by the Commissioner.”
I. It is the opinion of this court that the first objection to the statute raised by the defendant is clearly untenable. In the court’s view, the law constitutes a clearly proper and constitutional exercise of the State’s police power. The power is governed by "the rule of reason”. That is, it extends to any reasonable rule or regulation designed to promote or protect the public’s health, safety or morals.
In determining what is "reasonable” in any particular case, it is incumbent on the court to weigh the burden imposed by the restrictions against the public benefits derived therefrom. In virtually all cases, fastening a seat belt can hardly be termed burdensome at all, particularly when practiced with a regularity that makes it a habit. The benefits flowing from the use of seat belts may well be vast. This is indicated by the statistics cited in the Attorney-General’s brief and excerpted in Appendix A [omitted from publication] to this opinion. The use of safety belts may well be an important and vital step toward the solution of a national problem of huge dimensions. Accordingly, in a weighing of "costs” against "accomplishments” this State’s seat belt law must be, and is found by this court to constitute, a reasonable and constitutional exercise of the State’s police power.
The present case seems to be one of first impression in the State and also in the Federal courts. Considerable research failed to provide an exact precedent for the court decision relative to the State’s police power. However, numerous analo *996 gous cases tend to bolster the conclusion reached herein. As stated in a decision upholding Massachusetts statute requiring motorcyclists to wear helmets, in which the plaintiff advanced arguments similar to those of the defendant in the case at bar: "From the moment of the injury, society picks the person up off the highway; delivers him to a municipal hospital and municipal doctors; provides him with unemployment compensation if, after recovery, he cannot replace his lost job, and, if the injury causes permanent disability, may assume the responsibility for him and his family’s continued subsistance. We do not understand a state of mind that permits plaintiff to think that only he himself is concerned.” (Simon v Sargent, 346 F Supp 277, 279 [Mass 1972], affd 409 US 1020 [1972].)
Many cases, like Simon v Sargent (supra) which have considered challenges to various States motorcycle helmet laws are instructive, for the issues are similar. The motorcyclists in those cases, like the defendant here, argued those laws improperly restricted their personal freedom. In the vast majority of cases, however, the courts have upheld the constitutionality of the statutes.
In New York, all but one of the reported decisions on this issue have upheld New York’s helmet law. (People v Bennett, 89 Misc 2d 382 [Justice Ct, Town of Colonie 1977]; People v Carmichael, 56 Misc 2d 388 [County Ct, Genesee County 1968]; People v Schmidt, 54 Misc 2d 702 [County Ct, Erie County 1967], appeal dismissed 23 NY2d 686 [1968]; contra, People v Smallwood, 52 Misc 2d 1027 [Ct of Spec Sess, Town of Irondequoit 1967].) In other States, the great majority of cases have upheld similar laws. (See, eg., Bisenius v Karns, 42 Wis 2d 42, 165 NW2d 377 [1960], appeal dismissed 395 US 709 [1969]; State ex rel. Colvin v Lombardi, 104 RI 28, 241 A2d 625 [1968]; Arutanoff v Metropolitan Govt., 223 Tenn 535, 448 SW2d 408 [1969]; Commonwealth v Cowan, 4 Mass App Ct 796, 344 NE2d 419 [1976].)
The above decisions upholding the helmet laws did not rely solely on the societal costs of traffic injuries, but considered also that a motorcyclist injured by flying objects presents a danger to others on the road. (People v Schmidt, 54 Misc 2d 702, 703, supra; People v Carmichael, 56 Misc 2d 388, 390, supra; People v Newhouse, 55 Misc 2d 1064, 1065-1066.) Seat belt use is analogous. A driver who is injured or who is jolted away from his vehicle’s controls during a skid or by an initial impact, may well be less able to prevent or minimize injuries *997 caused by an accident. Also, an unrestrained occupant of a vehicle may injure others inside or out of the vehicle during an accident. The preventing or reduction of such injury seems to the court to be a valid State interest.
Besides its interest in protecting the general public, the State may also have a valid interest in protecting individuals, even from themselves. (People v Havnor, 149 NY 195 [1896], appeal dismissed 170 US 408 [1898].) Section 1229-c, in providing protection for individuals, is no different from many other accepted safety rules, such as the requirements in some States that hunters wear distinctive colors in the field, or that persons on water skis must wear personal flotation devices (Navigation Law § 73 [3]). Likewise, while many vehicle equipment standards benefit other motorists, others benefit only those who ride, presumably voluntarily, within a vehicle. (See, e.g., 49 CFR 571.201 ["Occupant protection in interior impact”].)
A review of the foregoing authorities shows by analogy that the terms of the New York State safety belt statute clearly do not exceed the police power of our State.
II. The second ground upon which the defendant relies to persuade this court to declare the statute unconstitutional is that it allegedly violates the US Constitution 14th Amendment by excluding from its mandates taxis, liveries, tractors and certain heavy trucks and buses other than school buses. In this connection, the defendant argues that the statute should be struck down because the classifications created therein violate his constitutional rights which require that all persons similarly situated should be treated equally.
He argues that the operators of these exempt vehicles are as likely as others to suffer injury in automobile accidents and are "no less deserving of protection”.
After careful consideration, however, the court has come to the conclusion that the statute in question should not be struck down for this reason. The court feels that danger to occupants of tractors which generally travel at slow speeds, and trucks and buses which offer greater protection in case of an accident clearly could be exempted by the Legislature from the mandatory provisions of the statute. It is not for this court to decide whether the Legislature should not have made the exclusion from its regulation so long as exemptions bear reasonable relation to the desired legislative purposes. (Matter of Mayflower Farms v Baldwin, 267 NY 9, 15 [1935], read on other grounds 297 US0266 [1936].)
*998 With respect to the legislative exemption of taxis and liveries from the requirements of the statute, however, the court feels the defendant’s argument is somewhat more persuasive. The court must, nevertheless, reject the position urged by the defendant. While no cases on the issue have been cited in briefs of the parties, the court feels that the Legislature might have exempted taxis and liveries in view of the fact that their drivers, if restrained by safety belts, would be less able to defend themselves in cases of robbery or attack upon them by criminal passengers. Under the circumstances, the court holds that it is beyond its power to invalidate the statute under the 14th Amendment.
III. Defendant’s final argument asserts that the law involved is invalid for vagueness in requiring use of a safety belt approved by the Commissioner. Actually, this provision makes for certainty, since any particular device either is or is not approved, and it prevents the substitution of either homemade or improper installations in lieu of compliance with specifications carefully prepared by a qualified administrative agency.
Defendant’s brief refers to defendant as "a locally prominent critic” of New York’s mandatory seat belt law. He undoubtedly has assumed that role in the utmost good faith, and with the support of many others who feel as he does. The court cannot, however, allow itself to lose sight of the fact that no one has an inherent right to drive a car. Each one of us can drive only with a license, granted on condition that he complies with all reasonable and constitutional statutes for the protection of the public, including himself. The court finds that the New York mandatory safety belt law is such a statute, and that it consequently is constitutional.
This court must now review the evidence presented to determine whether or not defendant violated the statute. The trial was brief and the facts were virtually uncontradicted. The officers testified that the defendant was driving a grey Dodge Diplomat on a public highway while not complying with the safety belt regulations. The vehicle which defendant was driving at the time was an official car which was similar to the sedan in which police were riding. It, however, was not a police vehicle.
Since the defendant’s car was an official car, it could not have been a "taxi” or "livery”. Since the vehicle was, as was the police car, a Dodge Diplomat, it obviously could not have *999 been a tractor, truck or bus. The defendant thus is found by the court to have violated the statute and not to have come under the exclusions set forth therein.
The defendant very candidly did not try to say that he did not violate the statute but rested his defense on the claimed constitutional invalidity of the law as promulgated by the State Legislature and approved by the Governor. Under the circumstances, and since this is a case of first impression, this court feels that it should, in this one instance only, impose no fine upon the defendant. It thus grants him a discharge from monetary obligation in connection with the offense in accordance with the power given to the court by pertinent statutory authority.