**CITY OF TULSA, Appellant,**

v.

**Christopher MARTIN, Appellee.**

**No. S–87–884.**

Court of Criminal Appeals of Oklahoma.

June 12, 1989.

Neal E. McNeill, City Atty., Mark Swiney, Asst. City Prosecutor, Tulsa, for appellant.

Stuart W. Southerland, C. Rabon Martin, Tulsa, for appellee.

## OPINION ON REHEARING

BRETT, Presiding Judge:

On March 14, 1987, appellee, Christopher Martin, received a traffic citation for violating the City of Tulsa's Mandatory Seat Belt Ordinance. *See* Tulsa, Oklahoma, Rev.Ordinances Title 37, § 338. He filed a motion to dismiss in the Municipal Court of Tulsa County, challenging the constitutionality of the ordinance on equal protection grounds. The Honorable Millie Otey, Municipal Judge, declared the ordinance unconstitutional and granted a dismissal in Case No. 8796034.

Appellant, City of Tulsa, reserved this question of law pursuant to 22 O.S.1981, § 1053(3) and, along with various amici, appealed to this Court on November 20, 1987. On May 26, 1988, this Court issued an order dismissing appellant's appeal, reasoning that because neither a final judgment nor an order barring further prosecution had been rendered by the municipal court, an appeal on a reserved question could not lie. *See State ex rel. Robert H. Macy v. Jackson,* 659 P.2d 361, 362 (Okl.Cr. 1983). Appellant then filed a petition for

rehearing. On June 22, 1988, this Court granted the petition, reversing its previous ruling on the grounds that the municipal judge's order of dismissal was in fact final and appealable.

The issue presented by this appeal is whether appellant's mandatory seat belt ordinance creates a classification which violates the Equal Protection Clause of the Fourteenth Amendment. The pertinent language in the ordinance is as follows:

A. Every operator and front seat passenger of a passenger car operated in the City shall wear a properly adjusted and fastened safety seat belt system, required to be installed in the motor vehicle when manufactured pursuant to Federal Motor Vehicle Safety Standard 208. For the purposes of this section, "passenger car" shall mean "vehicle" as defined in Section 1102 of Title 47 of the Oklahoma Statutes *except that "passenger car" shall not include* trucks, *pick-up trucks,* truck-tractors, *recreational vehicles, vans,* motorcycles, or motorized bicycles.

(Emphasis supplied.) Appellee argues that by requiring the drivers and front seat riders of passenger cars to wear seat belts, while allowing drivers and front seat riders of pick-up trucks, recreational vehicles and vans [1] to go without seat belts, the Board of Commissioners of the City of Tulsa has created an unconstitutional classification violative of the Equal Protection Clause. Because 47 O.S.Supp.1987, § 12–417 creates these same classifications, the constitutionality of that statute is also at issue in this appeal.

We note at the outset that about eight months after the issues in this case arose, the Oklahoma Legislature amended Section 12–417 and deleted "pick-up trucks" and "vans" from the list of vehicles to which the seat belt requirement does not apply. *See* 1988 Okla.Sess.Laws, ch. 271, § 2. In July, the Tulsa Board of Commissioners amended Section 338 of the ordinance and excised this same language. Appellee attacked Section 338 because it treats passenger cars differently from pick-up trucks,

recreational vehicles and vans for purposes of seat belt requirements. Because both this ordinance and the statute which it mirrors have since been amended to exclude pick-up trucks and vans from the list of exempt vehicles, the issue of whether these two particular classifications are invalid has become moot. *See Escobedo v. State,* 545 P.2d 210, 217 (Okl.Cr.1976). The sole remaining issue, therefore, is whether the legislative distinction between passenger cars and recreational vehicles, for purposes of seat belt requirements, violates the Equal Protection Clause.

"[Absent] a classification that is inherently invidious or that impinges upon fundamental rights, a [city ordinance or] state statute is to be upheld against equal protection attack if it is rationally related to the achievement of legitimate governmental ends." *G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 408, 102 S.Ct. 1137, 1141, 71 L.Ed.2d 250 (1982). *See also Spitznas v. State,* 648 P.2d 1271, 1273 (Okl.Cr.1982). Neither the ordinance nor the statute in question in this case is inherently invidious or impinges upon fundamental rights. Therefore, the rational basis test will determine their constitutionality. The "rational basis" test is a relaxed standard which acknowledges that line drawing "is peculiarly a legislative task and an unavoidable one." *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976). Further, "[s]uch action by a legislature is presumed to be valid." *Id.* In fact, the United States Supreme Court has held that statutory classifications subject to the rational basis test will not be set aside if the asserted governmental purpose is legitimate and the question of rational relationship between means and ends is "at least debatable." *Metropolitan Life Ins. Co. v. Ward,* 470 U.S. 869, 881, 105 S.Ct. 1676, 1683, 84 L.Ed.2d 751 (1985), quoting *United States v. Carolene Products Co.,* 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938).

We find that the ordinance and statute in question are valid under the rational basis standard. First, appellant asserts and we

1. Respondent did not take issue with any of the remaining exempt vehicles in Section 338.

agree that the purpose behind the ordinance, promotion of public safety, is a legitimate governmental goal. (Tr. 9) Secondly, we can reasonably conceive of facts which, in an effort to promote public safety, would justify treating *passenger car* drivers and front seat riders and *recreational vehicle* drivers and front seat riders differently. The legislature "could reasonably have found that [recreational vehicles] compose a class of vehicles that, on the whole, are larger [than passenger cars] and therefore afford more protection from injury." 17 Op.Att'y Gen. 143 (1985). Because the classification at bar rationally furthers a legitimate governmental interest, it does not violate the Equal Protection Clause of the Fourteenth Amendment.

Judgment of dismissal is REVERSED.

LANE and LUMPKIN, JJ., concur.

PARKS, V.P.J., dissents.

BUSSEY, J., not participating.

PARKS, Vice Presiding Judge, dissenting:

I dissent. First, I disagree with the majority's failure to include the exception for "trucks" in its analysis by stating that the sole classification involved was the distinction between passenger cars and recreational vehicles. *Majority*, at 825. Appellee raised the exception for trucks in his arguments to the municipal court. (O.R.) (Tr. 5, 7) The exemption for trucks is retained in the amended version of the mandatory seat belt law. *See* 22 O.S.Supp. 1988, § 12–417(A). In any event, in adding the exemption for trucks to the majority's reasoning, I cannot agree that the Legislature could reasonably have found that trucks and recreational vehicles compose a class of vehicles that, on the whole, are larger than passenger cars and therefore afford more protection from injury. *Majority*, at 826. Equal protection requires that a classification rest on real and not feigned differences, and that the distinction have some relevance to the purpose for which the classification is made. *Callison v. Callison*, 687 P.2d 106, 109 (Okla.1984). The justification offered by appellant for the classification involved here is based on "feigned" differences which have no relevance to the purpose of the classification. Accordingly, I dissent to the majority's refusal to find the mandatory seat belt law unconstitutional.