The Honorable Travis Miles State Senator P.O. Box 2108 Fort Smith, Arkansas 72902-2108
Dear Senator Miles:
This is in response to your request for an opinion on the constitutionality of a proposed amendment to Senate Bill 13, a bill which would impose a statewide seat belt law.
The proposed amendment would appear at the end of Section 3 of the bill. That section lists several exemptions to the mandatory seat belt law. The proposed amendment would add another provision to exempt:
 (e) Trucks except Class 1 trucks, unless the Class 1 truck is used primarily for farm use, truck-tractors, recreational vehicles, motorcycles, motorized bicycles, and motor vehicles licensed under Arkansas Code 27-14-601 (a)(3)(H) and used primarily for farm use.
It is my opinion that the proposed amendment would withstand constitutional scrutiny.
The primary constitutional challenge implicated by the proposed amendment is the equal protection clause of the United States or Arkansas Constitution. See United States Constitution, Amendment 14, § 1, and Art. 2, § 3 of the Arkansas Constitution. The legal test employed to determine whether a violation of equal protection has occurred in this instance is the "rational basis" test. This test requires that legislation further a legitimate governmental purpose, and use means which are rationally related to achieving this purpose.[1] The Arkansas Supreme Court recently stated the test as follows:
 On an equal protection challenge to a statute, it is not our role to discover the actual basis for the legislation. Instead, we are merely to consider whether any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives, so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose. [Citation omitted.] Further, the party challenging the legislation has the burden of proving that the act in not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts. [Emphasis original.]
Arkansas Hospital Ass'n v. Arkansas State Bd. of Pharmacy,297 Ark. 454, 763 S.W.2d 73 (1989), at 456.
This is a very lenient test. Few statutes are struck down under the "rational basis" test.
It is my opinion that each of the category of vehicles exempted by the proposed amendment would meet this test. The amendment exempts six types of vehicles: 1) trucks, except Class 1 trucks; 2) Class 1 trucks if used primarily for farm purposes; 3) truck-tractors; 4) recreational vehicles; 5) motorcycles and motorized bicycles; and 6) vehicles licensed under A.C.A. §27-14-601 (a)(3)(H) and used primarily for farm purposes.
Trucks, in my opinion, may be rationally excepted from the operation of a statewide seat belt law because the legislature could reasonably conclude that the risk of harm to passengers in trucks from accidents is less than that of other vehicles. Trucks are generally larger than other vehicles and provide more protection for the occupants in a collision. Two state courts have expressly so held. See City of Tulsa v. Martin,775 P.2d 824 (Okla.Ct.App. 1989), and People v. Weber,494 N.Y.S.2d 960, 129 Misc.2d 993 (1985).
The proposed amendment would also exempt "Class 1" trucks if they are used primarily for farm purposes. "Class 1" trucks are not defined in the new bill, but are defined at A.C.A. § 27-14-1002
(a)(4) and A.C.A. § 27-14-601 (a)(3)(A) (Supp. 1989) as: "[A]ll trucks which are rated regularly and commonly as having load capacity of one-half (1/2) ton or less and all trucks which are rated regularly and commonly as having a load capacity of not exceeding three-fourths (3/4) ton". This classification would apparently include most types of "pick-up" trucks.
It is my opinion that the proposed exemption for these trucks would also withstand constitutional challenge. The amendment would exclude these trucks from operation of the seat belt law if they are used primarily for farm purposes. It is my opinion that the legislature could conclude that these vehicles, if used primarily for farm use, would be driven mainly on rural farm roads, perhaps even dirt or gravel roads, encountering few other vehicles, and at reduced rates of speed. Based upon this conclusion, the legislature could have determined that the need for wearing seat belts in these vehicles is not as great as for other vehicles. This, in my opinion, is sufficient to prevent the amendment from being "utterly arbitrary and capricious." SeeArkansas Hospital Ass'n, supra.
We should note in this regard that the Attorney General of Oklahoma in Opinion No. 85-85, opined that even a flat exemption for all pick-up trucks would be rationally related to achieving the legislature's purpose because the risk of injury may be less in these vehicles. The Oklahoma court in City of Tulsa,supra, did not need to address this question, as the legislature amended the Oklahoma law to remove the exemption for pick-up trucks before that case was decided.
A flat exemption for such trucks would, in my opinion, be a much closer constitutional question; but we need not address that question as the proposed amendment exempts these trucks only if they are used primarily for farm purposes. It should be noted, however, that the proposed amendment exempts Class 1 trucks used primarily for farm use even when they are not being used for a farm purpose. We do not find this fact fatally defective. It has been stated that a statutory classification having some reasonable basis does not offend against the equal protection clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. Harlow v.Ryland, 78 F.Supp. 488, aff'd 172 F.2d 784 (8th Cir. 1948).
It is my opinion that as to truck-tractors and recreational vehicles, the amendment would also be upheld. The legislature could reasonably exempt these vehicles based upon their larger size and greater protection from injury in collisions. An Oklahoma appeals court has expressly held the exemption of recreational vehicles valid on this basis. See City of Tulsa,supra. Additionally, the exemption of motorcycles and motorized bicycles from mandatory seat belt laws has been upheld in several states. See, City of Tulsa, supra, People v. Weber,supra, State v. Hartog, 440 N.W.2d 852 (Iowa 1989), andPeople v. Kohrig, 113 Ill.2d 384, 101 Ill. Dec. 650,498 N.E.2d 1158 (1986), app. dismissed 479 U.S. 1073 (1987).
The final exemption listed in the proposed amendment is "motor vehicles licensed under Arkansas Code 27-14-601 (a)(3)(H) and used primarily for farm use." That statutory section includes vehicles used exclusively for hauling animal feed by owners of livestock or poultry for consumption in this state by livestock or poultry owned by them and in hauling unfinished and unprocessed farm products, forest products, and clay minerals and ores to the point of their first processing.
Again, it is my opinion that this exemption could withstand constitutional scrutiny. The legislature could reasonably determine that these vehicles are ordinarily larger and provide more protection in an accident. It could also be concluded that in some cases these vehicles will be used in less-traveled rural areas, and at slower rates of speed.
It is therefore my opinion that the proposed amemdment would survive a constitutional challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] A court in applying this test will not consider whether the legislation is necessary or desirable, but will limit its review to whether the legislation meets the constitutional test. SeePeople v. Kohrig, infra.