■ In the Matter of BERNADETTE BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. [673 NYS2d 643] —Order, Supreme Court, New York County (William Davis, J.), entered May 1, 1997, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondents' determination terminating petitioner's employment as a probationary police officer, unanimously affirmed, without costs.

Petitioner, who at the time of her challenged employment termination was a probationary New York City police officer, has not demonstrated that her termination, following a positive hair sample drug test for cocaine, was accomplished in bad faith or in violation of law (*see, Matter of Johnson v Katz*, 68 NY2d 649, 650; *Matter of York v McGuire*, 63 NY2d 760, 761). Neither petitioner's speculative assertions that respondent did not maintain minimum standards of hygiene to protect her hair sample from contamination, nor her presentation of the negative result of a second hair drug analysis test affords a basis to conclude, or even raises a factual issue as to whether, respondents acted in bad faith or violation of law. The negative second hair drug analysis was of minimal probative value since it was not certified and was not supported by evidence documenting test procedures, controls or the chain of custody of the hair sample used (*see, Matter of Joyner v Abate*, 199 AD2d 56). Nor does respondents' use of hair analysis drug testing for probationary employees, while tenured employees are tested for illicit drug use by means of urinalysis, constitute evidence of respondents' bad faith or a denial of due process

and/or equal protection of law. Probationary and tenured employees are not similarly situated and therefore not entitled to equivalent protections (*see, Matter of McKenzie v Jackson*, 152 AD2d 1, 8, *affd* 75 NY2d 995), and the use of hair analysis drug testing has, in any event, been upheld in circumstances where the interest at stake is of greater magnitude than the right of a probationary employee to continued employment (*see, e.g., United States v Medina*, 749 F Supp 59, 61 [ED NY 1990 (Weinstein, J.)] [radioimmunoassay hair analysis held to be reliable in probation violation proceeding]).

We have considered petitioner's other claims and find them to be without merit. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.