■ In the Matter of JAMES BRINSON, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [680 NYS2d 500] —Determination of respondent Police Commissioner, dated January 16, 1997, dismissing petitioner from the New York City Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Ronald Zweibel, J.], entered September 8, 1997) unanimously dismissed, without costs.

Accepting respondents' credibility determinations (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444), the record provides substantial evidence that petitioner knowingly and wrongfully associated with persons known to be engaged in criminal activity. Respondents properly accepted the hearsay statements of two informants, whose reliability was corroborated by police surveillance observations and investigation (*see, Matter of Perez v Ward*, 69 NY2d 840).

The record also supports the determination that there was reasonable suspicion to order petitioner to undergo drug testing (*supra*), based on the corroborated information supplied by the informants, as well as on police surveillance observations.

The use of hair analysis drug testing has been held to be reliable by this Court (*see, Matter of Brown v City of New York*, 250 AD2d 546, *lv denied* 92 NY2d 810). The record supports the finding that neither a mistake in transcribing the subject identification number nor the improper placement of test tubes in the centrifuge (which resulted in retesting), in any way affected the accuracy of the test results (*see, Matter of Allen v Police Dept.*, 240 AD2d 229), and there is otherwise no basis in the record to disturb respondents' determination regarding the accuracy of the tests performed (*see, Matter of Bonilla v Kelly*, 213 AD2d 264). Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.