Dear Price,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Are pick-up trucks exempt from the Oklahoma Mandatory Seat BeltUse Act set forth at 47 O.S. 12-417 (1999)?
¶ 1 The Oklahoma Mandatory Seat Belt Use Act (the "Act") requires all operators and front seat passengers to use safety belts when operating a passenger car in Oklahoma:
 "Every operator and front seat passenger of a passenger car operated in this state shall wear a properly adjusted and fastened safety seat belt system, required to be installed in the motor vehicle when manufactured pursuant to Federal Motor Vehicle Safety Standard 208. For the purposes of this section, "passenger car" shall mean "vehicle" as defined in Section 1102 of this title, except that "passenger car" shall not include trucks, truck-tractors, recreational vehicles, motorcycles, motorized bicycles or vehicles used primarily for farm use and licensed pursuant to the provisions of Section 1134 of this title."
See 47 O.S. 12-417(A) (1999).[1]
¶ 2 The Act became effective February 1, 1987. Initially, the Act exempted both "trucks" and "pick-up trucks" from the mandatory seat belt law:
 "For the purposes of this section, `passenger car" shall mean" automobile" as defined in Section 22.1 of Title 47 of the Oklahoma Statutes, except that `passenger car" shall not include trucks, pickup trucks, truck-tractors, recreational vehicles, vans, motorcycles or motorized bicycles."
See 47 O.S. 12-417(A) (1987) (emphasis added).
¶ 3 In 1988, the Legislature removed `pick-up trucks" from those exempted vehicles, while it retained "trucks" and added "vehicles used primarily for farm use" to the statutory language:
 "For the purposes of this section, `passenger car" shall mean" vehicle" as defined in Section 1102 of this title, except that "passenger car" shall not include trucks, truck-tractors, recreational vehicles, motorcycles, motorized bicycles or vehicles used primarily for farm use and licensed pursuant to the provisions of Section 1134 of this title."
See 47 O.S. 12-417(A) (1988) (effective Mar. 1, 1989) (emphasis added).
¶ 4 Oklahoma courts have construed such statutory amendments to represent legislative intent to alter the substance of the affected statute. "There is a presumption that an amendment of a statute is intended to alter the former rule where the former rule's meaning was clear or judicially settled." Gordon v.Browning, 572 P.2d 603, 605 (Okla.Ct.App. 1977) (citing Irwin v. Irwin, 433 P.2d 931, 934 (Okla. 1965)).
¶ 5 Since the statutory amendment to 47 O.S. 12-417(A) (1999), the Department of Public Safety has consistently interpreted pick-up trucks to fall within the purview of the mandatory seat belt law, unless the pick-up truck is a farm vehicle licensed pursuant to 47 O.S. 1134(A) (1999). See Memorandum Opinion No. 89-002 from Douglas R. Young, Department of Public Safety Legal Division, to Lt. Matlock, Department of Public Safety Training Division (May 4, 1989) (on file with the Department of Public Safety). Section 47 O.S. 1134(A) defines `pick-up truck" and sets forth the requirements for licensing farm vehicles in Oklahoma:
 "Upon each pick-up, truck or truck-tractor owned and operated by one or more farmers and used primarily for farm use, and not for commercial or industrial purposes, the license fee shall be Thirty Dollars ($30.00). As used in this section, the term "pick-up" shall mean a small, light truck with an open back or box used for hauling and designed primarily for the carrying of property rather than people. The term" truck" shall mean a motor vehicle designed or converted primarily for carrying or hauling farm commodities, property, livestock, or equipment, rather than people."
Id. (emphasis added).
¶ 6 The Oklahoma Supreme Court has held that an administrative agency's longstanding interpretation of its statutes should be afforded great weight:
 "There is a long line of cases holding that the interpretation or construction of an ambiguous or uncertain statute by the agency charged with its administration is entitled to the highest respect from the courts, specially when the administrative construction is definitely settled and uniformly applied for a number of years. In such cases the administrative construction will not be disturbed except for very cogent reasons, provided that the construction so given was reasonable."
Oral Roberts Univ. v. Oklahoma Tax Comm'n, 714 P.2d 1013,1014-15 (Okla. 1985) (footnotes omitted).
¶ 7 The Oklahoma Court of Criminal Appeals scrutinized the same statutory amendment in 1989, concluding that the Legislature intended to remove "pick-up trucks" from the list of vehicles exempted from the Act. See City of Tulsa v. Martin,775 P.2d 824, 825 (Okla.Crim. 1989). In Martin, a motorist challenged the constitutionality of the mandatory seat belt law, asserting the statute's exemption of certain vehicles (e.g., pick-up trucks, vans, and recreational vehicles) violated his equal protection rights. See id. at 825. Upholding the constitutionality of the statute's classification system, the Court of Criminal Appeals addressed the 1988 amendments:
 "We note at the outset that about eight months after the issues in this case arose, the Oklahoma Legislature amended Section 12-417 and deleted `pick-up trucks" and "vans" from the list of vehicles to which the seat belt requirement does not apply. In July, the Tulsa Board of Commissioners amended Section 338 of the ordinance and excised this same language. Appellee attacked Section 338 because it treats passenger cars differently from pick-up trucks, recreational vehicles and vans for purposes of seat belt requirements. Because both this ordinance and the statute which it mirrors have since been amended to exclude pick-up trucks and vans from the list of exempt vehicles, the issue of whether these two particular classifications are invalid has become moot."
Id. at 825 (citations omitted) (emphasis added).
¶ 8 The conclusion reached by the Oklahoma Court of Criminal Appeals and the Department of Public Safety is consistent with the rules of statutory construction adopted by Oklahoma courts, which construe such statutory amendments to represent the Legislature's intent to alter the substance of the affected statute. See Browning, 572 P.2d at 605. Accordingly, unless licensed as a farm vehicle pursuant to 47 O.S. 1134(A) (1999), a pick-up truck must comply with the mandatory seat belt law set forth in 47 O.S. 12-417(A) (1999).
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
Pick-up trucks which are not licensed as farm vehicles, pursuantto 47 O.S. 1134(A) (1999), must comply with the mandatoryseat belt law set forth at 47 O.S. 12-417(A) (1999).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL
[1] The Oklahoma Vehicle License and Registration Act defines "vehicle" as "any type of conveyance or device in, upon or by which a person or property is or may be transported from one location to another upon the avenues of public access within . . . Oklahoma. `Vehicle' does not include bicycles, trailers except travel trailers and rental trailers, or implements of husbandry as defined in Section 47 O.S. 1-125 of . . . Title 47." 47O.S. 1102(29) (1999). Meanwhile, Oklahoma defines "truck" as "every motor vehicle designed, used or maintained primarily for the transportation of property." 47 O.S. 1-182 (1991).