OPINION OF THE COURT
Robert G. Bogle, J.
In a case that appears to be of first impression, the defendant, Victoria Neville, is charged with the use of a mobile telephone (cell phone) while operating a motor vehicle on a public street or highway. This is a violation under a New York State law that, for purposes of enforcement, took effect December 1, 2001 under Vehicle and Traffic Law § 1225-c (L 2001, ch 69). The defendant was served with a simplified traffic information on the date of the incident, returnable before this court.
According to the simplified traffic information, on December 11, 2001, Victoria Neville was driving southbound on Rock-away Avenue in the Incorporated Village of Valley Stream, Nassau County, New York, at about 11:00 a.m. She was observed using a hand-held cell phone by Nassau County Police Officer Bruce Kasin, who immediately thereafter pulled the motor vehicle over and issued the violation to the defendant.
*434 The New York Cell Phone Law under Vehicle and Traffic Law § 1225-c is perhaps the first in the Nation to govern this new area of legislation. Accordingly, the constitutional aspects of the new statute should be addressed as early as possible in the proceedings. (People v Maksymenko, 105 Misc 2d 368 [Crim Ct, Queens County 1980], affd 109 Misc 2d 172 [App Term, 2d Dept 1981]; People v Bright, 71 NY2d 376 [1988].) Indeed, grounds for dismissal of an accusatory instrument that charges an unconstitutional offense can be found under CPL 170.30 (1) (a) and 170.35 (1) (c). The court can review these grounds on its own initiative and without regard to time limits usually placed upon such motions. (People v Tegins, 90 Misc 2d 498 [Suffolk Dist Ct 1977].)
Therefore, the court must address the question: Is the newly enacted New York Cell Phone Law (Vehicle and Traffic Law § 1225-c) valid under both the New York State and United States Constitutions?
This question is determined herein.
From the mid-1990’s onward, the ubiquitous presence of the wireless telephone, or cell phone, has spread throughout the country, and it appears most visible in the various metropolitan areas. With roughly 80 million cell phone users, there has been an increase in the number of motor vehicle accidents, some fatal, that resulted from the use of these hand-held phones, where “the operator maintains less than full-time attention to the operation of said motor vehicle.” (Local Laws, 2001, No. 6 of Nassau County § 1 [Legislative Intent].) This led several local counties to pass laws outlawing the use of these cell phones before the State Legislature acted. The Nassau County Legislature utilized the prior accident studies of the two counties that had already enacted legislation: Westchester County and particularly Suffolk County. The Nassau County law was passed unanimously on May 7, 2001 and signed into law on June 6, 2001. The effective date was to be July 1, 2001. (Local Laws, 2001, No. 8 of Nassau County § 5 [2].)
On June 28, 2001, New York became one of the first states in the Nation to enact a law prohibiting use of hand-held cell phones while operating a motor vehicle. (L 2001, ch 69.) The law created section 1225-c of the Vehicle and Traffic Law, and its provisions are similar to the various county local laws. The effective date of enforcement is December 1, 2001. From November 1, 2001 to November 30, 2001, law enforcement authorities may stop and issue verbal warnings. (L 2001, ch 69, § 4.)
*435 As a general rule, there is a strong presumption of constitutionality for laws and statutes. (McMinn v Town of Oyster Bay, 66 NY2d 544 [1986].) This presumption of validity is overcome when it is determined that the law is invalid beyond a reasonable doubt. (Marcus Assocs. v Town of Huntington, 45 NY2d 501 [1978]; Asian Ams. for Equality v Koch, 72 NY2d 121 [1988].) In the case at bar, three constitutional issues must be addressed: (1) Is the law vague or overly broad? (2) Is the law overreaching and in violation of the right of privacy? (3) Does the law violate due process and equal protection?
The first question of consideration is whether the law is so vague or overly broad to the point where a reasonable person of ordinary intelligence would be unable to ascertain what conduct is prohibited. (People v Shack, 86 NY2d 529 [1995].) Under Vehicle and Traffic Law § 1225-c (2) (a) (L 2001, ch 69), it is stated in part “no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion.” The statute distinguishes between the prohibited “mobile telephones” and the permitted “hands-free mobile telephone” where the operator of the motor vehicle can maintain “both hands” on the applicable steering device. (Vehicle and Traffic Law § 1225-c [1] [e] [eff Nov. 1, 2001].) This language is clear and indisputable to the ordinary citizen. (People v Bakolas, 59 NY2d 51 [1983]; People v Beecher, 153 Misc 2d 247 [Just Ct, Nassau County 1992].) As an added concern for public knowledge and understanding of the law, from November 1, 2001 to November 30, 2001, the statute limits police action to the issuance of a verbal warning, before the law goes into effect for enforcement on December 1, 2001. (L 2001, ch 69, § 4.) Accordingly, the statute is not void for vagueness or overly broad.
The next issue to be addressed concerns whether New York State has exceeded its authority and impeded the individual rights, including any issues of unnecessary intrusion and violation of the right to privacy under the United States and New York State Constitutions.
As previously stated, there is no precedence for a law of this nature. The closest one can come to a similarity is the enactment of the “Seat Belt Law” (L 1984, ch 365), by the New York State Legislature. Like the current Cell Phone Law, the Seat Belt Law was first in the Nation, and also subject to constitutional challenge. Two courts reviewed the constitutionality of the Seat Belt Law, and each found the statute passed constitutional muster. (People v Weber, 129 Misc 2d 993 [Amherst Town *436 Ct, Erie County 1985]; Wells v State of New York, 130 Misc 2d 113 [Sup Ct, Steuben County 1985].) These decisions are valuable in our analysis of the Cell Phone Law.
As a general rule, the police powers of the government concern the delicate balancing act between the regulating authority of the state and the rights of the individuals whose freedoms as a result may be somewhat curtailed. (Kass v Kass, 91 NY2d 554 [1998].)
It is the opinion of this court that a law prohibiting the use of hand-held cell phones satisfies the State’s interest in protecting the health, safety and welfare of its citizens and a proper use of its police power. The legislative intent sets forth the need to protect its citizens from the numerous motor vehicle accidents and serious physical injuries that result from the use of hand-held cell phones. The court in Wells grappled with this same issue when analyzing seat belt requirements, and upheld the law holding the New York State’s “compelling interest in saving lives” (Wells, supra at 119) and that, “Death on the highway can no longer be considered as a personal and individual tragedy.” (Wells, supra at 120.) In a similar vein, the court in Weber, in evaluating the constitutionality of the Seat Belt Law, stated “Besides its interests in protecting the general public, the State may also have a valid interest in protecting individuals, even from themselves.” (Weber, supra at 997.) Indeed, in the case at bar, the only impediment placed upon the public is to refrain from using a hand-held cell phone while the car is in motion. The citizen can speak after the car has stopped or may operate a “hands-free” cell phone. (L 2001, ch 69, § 5, eff Nov. 1, 2001.) This limited inconvenience is no greater than requiring the use of seat belts or motorcycle helmets, or prohibiting cigarette smoking in public buildings.
Moreover, the statute mandates a court must waive the fine if a defendant provides the court with proof of purchase of a hands-free device (eff until Mar. 1, 2002) (L 2001, ch 69, §§ 5, 8). Accordingly, the State’s regulation here is reasonable in its intentions and is a valid use of the Legislature’s police authority. (Brown v City of New York, 250 AD2d 546 [1st Dept 1998], lv denied 92 NY2d 810 [1999]; People v Bennet, 89 Misc 2d 382 [Just Ct, Town of Colonie 1977].)
The last issue concerns the question of whether or not the new law is a violation of the Equal Protection Clause. This issue comes before the court due to the number of categories of individuals exempted from the law’s enforcement. Under Vehicle and Traffic Law § 1225-c (3) (a), an individual is exempt *437 from violating the law if the call is to an emergency response operator, a hospital, ambulance, fire department, health clinic, medical doctor’s office, or police department. Also exempted are individuals who operate “authorized emergency vehicle [s] ” which include ambulances, plus police and fire departments. (Vehicle and Trafile Law § 1225-c [3] [b].) The argument is made that by excluding vehicles, employees and emergency situations, the result is a constitutional violation under the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution.
As a general rule, a legislative body may exempt certain situations and professions so long as the exclusions bear a reasonable relation to the desired legislative purpose. (Weber, supra at 997; Mayflower Farms v Baldwin, 267 NY 9, 15 [1935], read on other grounds 297 US 266 [1936].) The new Cell Phone Law and its exclusions are not based on race, sex, age or national origins. Therefore, no strict scrutiny test requiring or compelling governmental interest is necessary. (Wells, supra at 121.) It is logical that a legislature would exempt those vehicles and professionals who are needed to make emergency phone calls as part of their employment, and to extend this exemption to the ordinary citizen who needs to make a cell phone call for those very reasons as well. The Legislature of the State of New York recognized the need for all drivers to assist at times of emergency, and also the fact that those types of phone calls are short in duration and would not result in the long, distracting phone calls that are likely to result in a motor vehicle accident.
Accordingly, it is the finding of the court that Vehicle and Traffic Law § 1225-c, referred to as the Cell Phone Law, is valid under both the New York and Federal Constitutions and finds its provisions pass constitutional muster.