■ In the Matter of CRAIG D. MCKERNAN, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [739 NYS2d 380] —Determination of respondent Police Commissioner, dated March 8, 2000, which dismissed petitioner from his position as a police sergeant, unanimously modified, on the law, to award petitioner back pay for the period that his suspension exceeded 30 days, and the matter remanded to respondent for a determination of the amount of

such back pay, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Madden, J.], entered October 25, 2000), otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the finding that petitioner, who admits to the charges that he used the Police Department's computer system to run license plate inquiries for purposes other than Department business, did so with knowledge that the person making such inquiries was involved in criminal activities (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Notwithstanding petitioner's many prior awards for police work, the penalty of dismissal does not shock our sense of fairness, particularly given that petitioner was also found guilty of failing to safeguard his firearm while off duty, and also in view of his prior disciplinary record (*see, Matter of Kelly v Safir*, 96 NY2d 32, 38-40; *Matter of Brinson v Safir*, 255 AD2d 247, *lv denied* 93 NY2d 805). We modify as above indicated, there being no response from respondent to petitioner's claim that the determination denies him back pay to which he is entitled under Civil Service Law § 75 (3-a). Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.